GRIFFITH, Appellant, v. HARRIS and another, Respondents.*

*June 6—June 29, 1962.*

* Motion for rehearing denied, with $25 costs, on October 2, 1962.

256

For the appellant there were briefs by *Hugh M. Matchett* and *David F. Matchett, Jr.,* both of Chicago, Illinois, and *Victor C. Cairo* of Racine, *Edward L. Hilton* of Cedar Grove, and *Austin W. Kivett* of Milwaukee, and oral argument by *Hugh M. Matchett.*

For the respondents there were briefs by *La France, Thompson, Greenquist, Evans & Dye* of Racine, and oral argument by *Alfred E. La France* and *William E. Dye.*

GORDON, J. In our opinion, public policy necessitates a rejection of the cause of action alleged in the complaint. The

gravamen of the complaint is that the defendants broke their contract to appear and testify in the plaintiff's favor. The following portions of the complaint demonstrate that the basis of the plaintiff's cause of action is the defendants' failure to give favorable testimony:

"6. As a result of the defendants' failure to appear and testify in his behalf without a subpoena coupled with their statement that if subpoenaed they would not testify in a way that would benefit the plaintiff, the plaintiff did not subpoena them and they did not appear and testify on his behalf, and for want of favorable medical testimony the court was required to and did dismiss the plaintiff's action at the close of plaintiff's case.

"8. The misconduct of the defendants aforesaid materially interfered with the said judicial proceedings and said legal action then being prosecuted for the enforcement of plaintiff's legal rights, prevented the due enforcement of plaintiff's rights, constituted a wrongful interference with plaintiff's legal rights in said action, and resulted in plaintiff's said action against John L. Bennett being dismissed on motion by said doctor's attorney for nonsuit at the close of the plaintiff's case, to the plaintiff's damage in the sum of One Hundred Fifty Thousand Dollars ($150,000)."

The plaintiff does not claim that his loss was occasioned merely by the doctors' failure to attend the trial. The complaint is not couched in terms of the burden and expense caused by the doctors' breach of an obligation to attend. On the contrary, it is their failure to give *favorable* medical evidence to establish an alleged malpractice which has prompted the plaintiff's claim that the defendants caused the plaintiff to lose his lawsuit.

A litigant and a prospective witness may lawfully contract between themselves that the latter will appear at a trial; the breach of such contract would give rise to the damages which reasonably flow from a witness' failure to appear. This might include the expense involved in seeking a substitute

witness or perhaps the costs incurred in procuring a postponement of the trial. However, a contract creating an obligation not only to appear but also to testify in a certain manner on behalf of a party to a lawsuit, is against public policy. *Miller v. Anderson* (1924), 183 Wis. 163, 196 N. W. 869. See also Anno. 16 A. L. R. 1457. In the *Miller Case,* at page 168, we stated:

"Contracts to pay for collecting and procuring testimony to be used in evidence, coupled with a condition that the contractee's right to compensation depends upon the character of the testimony procured, or upon the result of the suit in which it is to be used, have been uniformly condemned by the courts as contrary to public policy, for the reason that such agreements hold out an inducement to commit fraud or procure persons to commit perjury. Thus, a contract to pay a physician a percentage of the recovery for acting as an expert in a personal-injury action is against public policy."

Contracts which impose obligations that are contrary to public policy are unenforceable. *Schaal v. Great Lakes Mut. Fire & Marine Ins. Co.* (1959), 6 Wis. (2d) 350, 94 N. W. (2d) 646; *Pedrick v. First Nat. Bank* (1954), 267 Wis. 436, 439, 66 N. W. (2d) 154.

The case of *Philler v. Waukesha County* (1909), 139 Wis. 211, 120 N. W. 829, discussed the implied contractual obligation of a litigant to pay an expert witness reasonable compensation for his required study and preparation. There is language in the *Philler Case,* at page 215, which asserts that "such employment will be controlled by the ordinary rules of contract, express or implied," but this ruling related only to the question of an expert witness' right to reasonable compensation. That case did not imply that an expert could lawfully become obligated to give favorable testimony. Thus, contractual arrangements to appear at a trial between an expert witness and a litigant will be enforced as will contractual arrangements between such parties for reasonable

compensation; but under no circumstances will an agreement to give favorable testimony be sanctioned by the courts.

The plaintiff also contends that he is entitled to recover pursuant to sec. 325.11 (1), Stats., which provides:

*"Damages recoverable.* If any person obliged to attend as a witness shall fail to do so without any reasonable excuse, he shall be liable to the aggrieved party for all damages occasioned by such failure, to be recovered in an action."

This section had its genesis in R. S. 1849, ch. 98, sec. 4, which provided that:

"If any person duly subpoenaed and obliged to attend as a witness, shall fail so to do, without any reasonable excuse, he shall be liable to the aggrieved party for all damages occasioned by such failure, to be recovered in an action on the case."

This statute remained in substantially the same form from 1849 until its amendment in 1927, when the words "duly subpoenaed" were stricken. Ch. 523, sec. 12, Laws of 1927. The amendment was accomplished by Bill No. 10, S., drafted by the revisor of statutes, and we are satisfied that no substantive change in the statute was intended.

Accordingly, the words of sec. 325.11 (1), Stats., "obliged to attend as a witness" refer only to persons under subpoena. However, even if sec. 325.11 (1) were construed to apply to a person whose obligation to attend as a witness stems from contract as opposed to subpoena, it would nevertheless be of no assistance to the plaintiff in the case at bar. This is because his cause of action is based upon a failure to testify in a certain way. Even granting to the plaintiff all the liberality which attends construction of complaints upon demurrer, we are persuaded that the contractual violation alleged in this complaint is unenforceable for reasons of public policy.

*By the Court.*—Judgment affirmed.