(No. 41857.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JAMES B. WITHERSPOON, Appellant.

*Opinion filed September 25, 1973.*

WARD, J., took no part.

GERALD W. GETTY, Public Defender, and KEN-
NETH L. GILLIS, District Defender, Illinois Defender
Project, both of Chicago (SHELVIN SINGER and JAMES

J. DOHERTY, Assistant Public Defenders, and GORDON H. BERRY, Assistant District Defender, of counsel), for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and PETER F. COSTA, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE RYAN delivered the opinion of the court:

On September 19, 1966, the defendant shot and killed his former wife, Louise Polk, in her apartment in Chicago. Following a jury trial in the circuit court of Cook County, the defendant was convicted of murder and was sentenced to a term of from 25 to 40 years in the penitentiary. His appeal was perfected prior to July 1, 1971. Since a constitutional question had been raised, the appeal came directly to this court under our Rule 603 then in force (43 Ill.2d R. 603).

The defendant's first contention is that he was denied effective assistance of counsel because the record does not show that the court-appointed attorney made any attempt to secure favorable evidence prior to trial. The defendant was indicted for murder on October 17, 1966. At his arraignment on October 24, the public defender was appointed to represent him and continued to represent him at various court appearances until January 18, 1967. The defendant then moved for the appointment of private counsel, which motion was allowed on February 1, 1967. On August 7, 1967, the court-appointed private counsel withdrew and the public defender was once again appointed to represent the defendant. The same assistant public defender who that day appeared for defendant continued to represent him throughout the remainder of the proceedings in the trial court. Numerous continuances were

granted, and on October 19, 1967, a hearing was held on defendant's motion to suppress his confession. The motion was denied. On January 10, 1968, the court allowed defendant's motion to retain private counsel, but the assistant public defender did not withdraw as counsel. The attempts by the defendant and his brother to procure private counsel were unsuccessful, and on April 25, 1968, the trial commenced with the defendant being represented by the assistant public defender who had represented him at various proceedings over a period of approximately 8 months. On the day that the trial began the defendant asserted that the assistant public defender was inadequately prepared for trial. However, the assistant public defender informed the court that he was completely prepared and ready for trial.

Failure to adequately prepare for trial, including failure to conduct an investigation and interview witnesses, has been held to constitute inadequate representation by counsel. (*People v. Stepheny, 46 Ill.2d 153.*) However, in order to warrant a reversal because of incompetency of counsel the defendant must establish actual incompetence as reflected by the representation and substantial prejudice resulting therefrom. *People v. Hrebenar, 48, Ill.2d 100; People v. Newell, 48 Ill.2d 382; People v. Stepheny.*

The defendant conjectures that had a more thorough investigation been conducted evidence might have been discovered which would have enabled defendant to negotiate a plea of guilty to voluntary manslaughter. In *People v. Thomas, 51 Ill.2d 39,* at 44, this court stated: "The defendant apparently assumes that a more thorough investigation by his counsel would produce evidence favorable to him. This is pure conjecture. In proving a violation of his constitutional rights the defendant must establish that he suffered a substantial prejudice from the manner in which his counsel conducted his defense. [Citations.] A claim of prejudice cannot be based on mere conjecture. *People v. Gonzales, 40 Ill.2d 233.*"

It would appear that defendant's claim that a more thorough investigation would have disclosed favorable evidence and that he was thus prejudiced is based solely upon conjecture, which is not sufficient to warrant a reversal. See also *People v. Kelley, 23 Ill.2d 193.*

The defendant contends that his counsel's incompetence is further demonstrated by his failure to call two witnesses who allegedly would corroborate the defendant's testimony that before going to his ex-wife's apartment he called and made an appointment with her. Here again, the defendant has not shown how he was prejudiced by the failure to call these two witnesses. The failure to call these witnesses would appear to be a matter of judgment or discretion on the part of trial counsel and it is well settled that a review of appointed counsel's competency does not extend to those areas involving the exercise of judgment, discretion, or trial tactics. *People v. Wesley, 30 Ill.2d 131, 136.*

Although the defendant urges the incompetence of his counsel for the reasons we have stated, the basic thrust of his argument is that the record does not reflect that his counsel made a good-faith effort to secure evidence favorable to him. He asks this court to hold that the record must show by a certificate of appointed counsel that he has made such a good-faith effort. In support of his contention, he cites this court's holding in *People v. Slaughter, 39 Ill.2d 278.* In *Slaughter,* this court held that the Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 38, par. 122—1 *et seq.*) contemplates that appointed counsel will consult with the defendant, ascertain his alleged grievances, examine the trial record and then amend the *pro se* petition so that it will adequately present the defendant's constitutional contentions. In *People v. Garrison, 43 Ill.2d 121,* this court held that the record of a post-conviction hearing must reflect prior consultation between the defendant and his attorney. Following the decision in *Garrison,* this court amended our Rule 651(c)

(43 Ill.2d R. 651(c)), specifically requiring that the post-conviction hearing record contain a showing that counsel has fulfilled the functions which *Slaughter* held were contemplated by the statute.

The requirement of showing the performance of specific acts as required by our Rule 651(c) is quite different from the general certification which the defendant here requests, that counsel has made a good-faith attempt to secure favorable evidence. Such a general certification would be of little help to this court in determining whether or not the defendant had adequate representation by competent counsel. Also a certification that counsel spent 20 hours making investigations in one case or that he interviewed 10 prospective witnesses may indicate adequate representation in that case but not in another. This court has on numerous occasions held that the question of whether or not a defendant was adequately represented by competent counsel must be answered solely from the circumstances of each particular case. (*People v. Francis, 356 Ill. 74; People v. Cox, 22 Ill.2d 534; People v. Georgev, 38 Ill.2d 165, cert. denied, 390 U.S. 998, 20 L. Ed. 2d 97, 88 S. Ct. 1202; People v. Harper, 43 Ill.2d 368.*) Regardless of what certification counsel would make for the record, the adequacy of his representation would still have to be determined in light of the peculiar facts of each case. We therefore decline to hold that such a certification is required.

The defendant contends that the court denied him his right to have the jury instructed on his theory of the case when it refused to give his tendered instruction on death by misadventure. The tendered instruction reads:

"The court instructs the jury that if the deceased met her death by misadventure without any conscious disregard by the defendant for her safety, the jury should find the defendant not guilty."

This instruction obviously refers to a provision of a prior Illinois statute which provided:

"Excusable homicide, by misadventure, is when a person in doing a lawful act, without any intention of killing, yet unfortunately kills another person ***." Ill. Rev. Stat. 1961, ch. 38, par. 370.

The present statute contains no reference to death by misadventure although it does provide for the justifiable use of force in several specified situations and further provides that the same are affirmative defenses. (Ill. Rev. Stat. 1967, ch. 38, art. 7.) Listed as justifiable is the use of force by a person to defend himself. The defendant's theory of the case was that he shot in self-defense, and the jury was properly instructed as to this defense.

The jury was also instructed that a person who kills an individual without lawful justification commits murder if in performing the acts which caused the death (1) he either intends to kill or do great bodily harm to that individual or another, or knows that such acts will cause death to that individual or another; or (2) he knows that such acts create a strong probability of death or great bodily harm to that individual or another. The jury was also instructed as to the elements of the crime of voluntary manslaughter, and it was instructed that the burden of proving beyond all reasonable doubt every material allegation necessary to establish the defendant's guilt rests upon the State.

An instruction on death by misadventure simply tells the jury that the defendant must be found not guilty if the requisite mental state is lacking to establish the particular homicide crime with which the defendant is charged. (See Ill. Rev. Stat. 1967, ch. 38, art. 4 and art. 9.) This is an inverted way of instructing the jury as to the elements of the crime of murder and that the burden of proving beyond a reasonable doubt every material allegation of the offense rests upon the State.

Since the statute no longer contains the affirmative defense of death by misadventure and since the jury was properly instructed as to the mental state required before the defendant could be found guilty, the giving of the refused instruction was unnecessary.

Subsequent to the trial of this case this court adopted Rule 451 (50 Ill.2d R. 451) effective January 1, 1969. This rule concerns the use of Illinois Pattern Instructions in Criminal Cases (IPI—Criminal). The committee has not included in these recommended instructions one which covers death by misadventure although instructions relating to the justifiable use of force are included. (IPI —Criminal, ch. 24.) Under IPI—Criminal, chapter 7, we find instructions covering the elements of murder, the various forms of manslaughter and reckless homicide, and also we find instructions concerning the issues in each offense which, the instruction informs the jury, the State must prove beyond a reasonable doubt. If the jury receives the appropriate instructions from chapter 7, we can see no need for the giving of an instruction concerning death by misadventure.

For the reasons herein stated the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

MR. JUSTICE WARD took no part in the consideration or decision of this case.