THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOSEPH FRANCIS JOSEPH, Defendant-Appellant.

Third District   No. 76-87

Opinion filed March 31, 1977.—Rehearing denied April 13, 1977.

Larry Mackey and Robert Agostinelli, both of State Appellate Defender's Office, of Ottawa, for appellant.

Carl E. Hawkinson, State's Attorney, of Galesburg (James E. Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE STENGEL delivered the opinion of the court:

Defendant Joseph Joseph was convicted of obstructing a peace officer in violation of section 31—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 31—1), following a jury trial in the Circuit Court of Knox County. He was sentenced to a term of 364 days in the penitentiary. The sole issue on appeal is whether he was proved guilty beyond a reasonable doubt.

On June 28, 1975, at about 1 a.m. a fight occurred in the parking lot at the Beaver's Limited Tavern in Galesburg. Officer Peck was the first police officer on the scene. He saw Mike Bogeart on the ground bleeding and Anthony Joseph, who was standing over him, being restrained by his brothers Danny and Mike Joseph. Peck observed about 20 persons in the parking lot at this time, including 11 members of the Joseph family. As other officers began to arrive on the scene, Peck directed Officer Benson to arrest Anthony Joseph for battery to Mike Bogeart based on an identification of him by Carol Shupe, an employee at the tavern.

Benson testified that Anthony Joseph physically resisted arrest and that Cheryl Manner, Anthony's cousin, struck him in the head in an attempt to free Anthony. Officer Peck corroborated Benson's testimony at trial.

Sergeant Sargent, another police officer at the scene, testified that when he tried to assist Benson in the arrest of Anthony, Gary Joseph grabbed the front of his shirt and began to pull him away from the area. When he saw other people coming towards him, Sargeant freed himself by striking Gary with his flashlight. Next, Carol Kilgore, who was Gary Joseph's sister, grabbed Sargent's shirt while defendant Joseph Joseph, Gary's uncle, jumped on him from behind. When Sargent struck Kilgore with his flashlight, she let go of him and slipped away into the crowd. Joseph

Joseph, who was much larger than Sargent, continued to struggle with the police officer. Sargent was held, pulled and spun around by Joseph, who only desisted after the officer struck him several times with his flashlight. After Sargent freed himself from Joseph, he directed Officer Carithers to arrest Joseph Joseph for obstruction. Kilgore was also charged with obstruction later that evening at a local hospital. Richard Jacobs, an ambulance driver, and Officer Carithers corroborated Sargent's version of the incident.

Ultimately, Anthony Joseph was charged with resisting arrest, Danny Joseph with battery to Mike Bogeart's wife, and Cheryl Manner, Carol Kilgore and Joseph Joseph with obstructing a peace officer. On the motion of their privately retained counsel, all of the cases were consolidated for trial.

At trial, Anthony Joseph denied that he had been involved in a fight with Mike Bogeart or that he had resisted arrest by Benson. Cheryl Manner denied striking Benson and testified that Anthony had not resisted arrest. Danny Joseph denied hitting anyone. Both Kilgore and Joseph Joseph testified that they asked Sargent to stop beating Gary Joseph, that he struck each of them with his flashlight, and that they did not touch Sargent. At the conclusion of trial, the jury convicted Anthony, Danny, and Joseph Joseph, but acquitted Kilgore and Manner.

■■ It is well settled in Illinois that jury verdicts need not be legally or logically consistent. (*People v. Dawson* (1975), 60 Ill. 2d 278, 326 N.E.2d 775.) The jury's failure to convict all codefendants does not raise a reasonable doubt as to the guilt of those who are convicted. (*People v. Rogers* (1959), 16 Ill. 2d 175, 157 N.E.2d 28; *People v. Mirabella* (1920), 294 Ill. 246, 128 N.E. 374.) As we stated in *People v. Ellis* (3d Dist. 1976), 39 Ill. App. 3d 766, 769, 350 N.E.2d 265, 267:

> "All that the not guilty verdict means is that the State failed to produce sufficient evidence from which the jury believed defendant had been proved guilty beyond a reasonable doubt. No inferences can be drawn from the verdict which necessarily indicate the jury's opinion on any particular aspect of the case or any particular evidence which the jury considered."

In the instant case both Kilgore and Joseph Joseph were charged with obstructing a peace officer. (Ill. Rev. Stat. 1975, ch. 38, par. 31—1.) The essential elements of the offense are proven by showing that the defendant "knowingly resists or obstructs the performance by one known to the person to be a peace officer * * *." We think that the testimony of Sargent, Jacobs and Carithers was sufficient to permit the jury to find Joseph Joseph guilty as charged.

Thus, despite the fact that the jury verdicts against Kilgore and Joseph appear to be inconsistent, there may have been perfectly valid reasons for

each so far as the jury was concerned. *People v. Ellis* (3d Dist. 1976), 39 Ill. App. 3d 766, 350 N.E.2d 265.

In *People v. Taylor* (1st Dist. 1974), 25 Ill. App. 3d 396, 403, 323 N.E.2d 388, 393, the court noted that:

" * * * [W]hen there is the slightest difference in the evidence as between two persons jointly tried, the trier of fact may weigh the evidence and make allowance for such difference."

■■ In the instant case the evidence showed, *inter alia*, that Joseph Joseph was physically much larger than Sargent, while Kilgore was smaller than both men, that Joseph attacked Sargent from behind, and that he continued to struggle with the police officer after Kilgore had desisted and slipped away into the crowd. Under these facts the jury was entitled to conclude that Joseph Joseph had obstructed Sargent in the performance of his duties while reaching the opposite conclusion with respect to Kilgore. Defendant Joseph Joseph's conviction in this case must be affirmed.

Affirmed.

ALLOY and BARRY, JJ., concur.