THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DANNY LEE JOSEPH, Defendant-Appellant.

Third District   No. 76-88

Opinion filed March 31, 1977.

Larry Mackey and Robert Agostinelli, both of State Appellate Defender's Office, of Ottawa, for appellant.

Carl E. Hawkinson, State's Attorney, of Galesburg (James E. Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE STENGEL delivered the opinion of the court:

Defendant Danny Joseph was convicted of battery following a jury trial in the Circuit Court of Knox County and was sentenced to 364 days in the penitentiary. The battery occurred when Joseph struck Colleen Bogeart following a fight in the parking lot of a tavern between Colleen's husband and Joseph's brother. After police arrived on the scene a melee ensued which resulted in the arrest of five members of the Joseph family, including Danny, on various charges. The five cases were consolidated for trial on the motion of defendant's privately retained counsel, who represented all five defendants. At the conclusion of that trial the jury convicted Danny, Anthony, and Joseph Joseph, but acquitted two female relatives. A more detailed statement of the facts in this case can be found in our decision in *People v. Joseph Joseph*, (3d Dist. 1977), 46 Ill. App. 3d 747, 361 N.E.2d 365, filed today.

■■ The sole issue on this appeal is whether Danny Joseph was denied effective assistance of counsel. The right to effective assistance of counsel is absolute, even when private counsel is retained (see *People v. Allen* (3d Dist. 1971), 132 Ill. App. 2d 1015, 270 N.E.2d 54), but defendant's representation cannot be called ineffective unless it reduced his trial to a sham or farce (*People v Turner* (3d Dist. 1975), 25 Ill. App. 3d 847, 323 N.E.2d 371).

Defendant has the burden of demonstrating actual incompetence which substantially prejudiced him. (*People v. Witherspoon* (1973), 55 Ill. 2d 18, 302 N.E.2d 3.) A claim of prejudice, however, cannot be based on mere conjecture (*People v Lewis* (1975), 60 Ill. 2d 152, 330 N.E.2d 857), and the question of whether or not defendant was adequately represented must be decided on a case by case basis (*People v. Witherspoon*), upon review of the whole record (*People v. Allen*).

■■ Danny Joseph's primary concern is over the motion to consolidate offered by his own attorney and granted by the trial court. A motion to consolidate is made available to the defendant by statute (Ill. Rev. Stat. 1975, ch. 38, par. 114—7), and could have been offered as well by the State (Ill. Rev Stat. 1975, ch. 38, par. 111—4(b)). Therefore, its use in this case does not automatically demonstrate ineffective assistance of counsel. Further, defendant's contention that the motion was purely a matter of convenience for his attorney is merely speculative and, lacking any basis in the record, is insufficient to show actual and prejudicial incompetence. *People v. Gonzales* (1968), 40 Ill. 2d 233, 239 N.E.2d 783.

■■ Standing alone, multiple representation of clients by an attorney is

not inadequate (*People v. Williams* (1966), 36 Ill. 2d 194, 222 N.E.2d 321, *cert. denied*, 388 U.S. 923, 18 L. Ed. 2d 1372, 87 S. Ct. 2126 (1967)), and there is no requirement that separate counsel be appointed for each defendant in a joint trial (*People v. Normant* (1st Dist. 1975), 25 Ill. App. 3d 536, 323 N.E.2d 553). While we adhere to the rule that codefendants have a right to separate trials if their positions are antagonistic (*People v. Ware* (1968), 39 Ill. 2d 66, 233 N.E.2d 421), we must first review the record to determine whether the positions of the five defendants were antagonistic. In doing so, our review cannot extend to questions concerning the judgment, discretion or trial tactics of defendant's attorney, such as objections he made or failed to make or the questions he asked on cross-examination. See *People v. Witherspoon* (1973), 55 Ill. 2d 18, 302 N.E.2d 3.

■■ Here, Danny Joseph was the only defendant charged with battery and his defense was a simple denial of the charge. Each of the five defendants basically testified only as to their own involvement in the incident at the tavern and their versions of what occurred tended to corroborate one another. Under these circumstances there was nothing antagonistic about their positions. (See *People v. Williams* (1966), 36 Ill. 2d 194, 222 N.E.2d 321, *cert. denied*, 388 U.S. 923, 18 L. Ed. 2d 1372, 87 S. Ct. 2126 (1967).) The defendant was only entitled to a fair trial, not a perfect one (*People v. Allen* (3d Dist. 1971), 132 Ill. App. 2d 1015, 270 N.E.2d 54), and that is precisely what he received in the instant case.

Accordingly, the judgment of the Circuit Court of Knox County is affirmed.

Affirmed.

ALLOY and BARRY, JJ., concur.