THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
FREDDIE BELL, Defendant-Appellant.
First District (1st Division)    No. 80-674

Opinion filed April 13, 1981.

Ralph Ruebner and Phillip J. Zisook, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr, Adrienne Noble Nacev, and George M. Velcich, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Jerry Steward and Freddie Bell (defendant) were indicted for armed robbery (Ill. Rev. Stat. 1977, ch. 38, par. 18—2). Jerry Steward was tried by a jury in absentia, found guilty, and sentenced to 18 years. After a bench trial, defendant was found guilty and sentenced to 28 years. The trial court reduced defendant's sentence to 22 years. In defendant's appeal to this court he contends his counsel was ineffective because of faulty hearing and the sentence is excessive.

Since no issue is raised regarding sufficiency of the evidence to prove guilt beyond a reasonable doubt, we will summarize the testimony. Three credible witnesses, all drivers for United Parcel Service, testified they were held up by defendant and co-defendant during early March of 1979. At least two of the drivers were threatened with a gun and money was taken from each of them. Defendant and co-defendant were positively identified at lineups and in court. One driver knew defendant from participation in sports together.

Charles Rowen, then an inmate of the county jail, testified he was with defendant in a bar during the hours of commission of the crimes on each of the two days involved. Defendant testified he was at this bar on each of the days from 10 a.m. continuously until after 6:30 p.m. He denied guilt of the robberies. He had previously served in the penitentiary. He owned the gray overcoat which appeared in his photograph. He knew the co-defendant Jerry Steward.

We conclude the evidence proves defendant guilty as charged beyond any reasonable doubt and with complete certainty.

I.

Defendant first contends he was denied effective assistance of counsel because the hearing impairment of his retained counsel prevented the lawyer from adequately hearing testimony and rulings.

The record reflects that during hearing of defendant's pretrial motion to suppress defendant's trial counsel experienced some difficulty in hearing. On several occasions he asked the witness or the judge to repeat what had been said. The trial judge appointed two public defenders to sit at the defense table with defendant's counsel for completion of the hearing and during trial. The judge made it clear the public defenders would not serve as defendant's counsel but would merely make sure defendant's trial counsel "would hear everything that occurred in the courtroom." The judge asked defendant if that arrangement was satisfactory to him and defendant agreed. At a later stage in the trial before the State called their last witness, the court again asked defendant if that was "agreeable" and defendant responded, "Yes, Judge."

To establish incompetence of counsel, defendant must show "actual incompetence of counsel, as reflected by the manner of carrying out his duties as a trial attorney which results in substantial prejudice without which the outcome would probably have been different." (*People v. Carlson* (1980), 79 Ill. 2d 564, 584-85, 404 N.E.2d 233; see *People v. Witherspoon* (1973), 55 Ill. 2d 18, 21, 302 N.E.2d 3.) "Proof of prejudice cannot be based on mere conjecture [citations] nor can a defendant rely upon speculation as to the outcome of his case had the representation been of higher quality [citations]." (*People v. Hills* (1980), 78 Ill. 2d 500, 505-06, 401 N.E.2d 523.) "[A] defendant is entitled to competent, not perfect, representation (*People v. Berland* (1978), [74 Ill. 2d 286, 311, 385 N.E.2d 649, *cert. denied* (1979), 444 U.S. 833, 62 L. Ed. 2d 42, 100 S. Ct. 64]), and we do not believe that the Constitution requires a new trial for every defendant whose counsel errs at trial, particularly in the absence of a demonstration that the outcome of a new trial would probably be different." (*People v. Greer* (1980), 79 Ill. 2d 103, 121, 402 N.E.2d 203.) Furthermore, "[c]ompetency is determined from the totality of counsel's conduct at trial." *People v. Murphy* (1978), 72 Ill. 2d 421, 437, 381 N.E.2d 677.

■■ After reviewing the record, we find defendant's trial counsel was not incompetent and defendant's rights were fully protected. There is no evidence that the lawyer's very slight loss of hearing prevented him from effectively representing defendant. The trial court stated, "I might add, there is no question that [trial counsel] is not death [*sic*]. He is not death [*sic*]. * * * I would think very likely [he heard] a hundred percent of the things that go on in the courtroom." In our opinion, the trial court rectified any possible problem by appointing the public defenders to sit with defendant's counsel.

■■ Defendant also contends certain conduct on the part of his trial counsel demonstrated incompetence, such as failure to file a pretrial motion for discovery until two months after the cause was set for trial; his reference to a lineup as a showup; and his improper impeachment of a witness and subsequent instruction by the trial court. "But errors in judgment or trial strategy do not establish incompetency." (*Murphy*, 72 Ill. 2d 421, 437; *Witherspoon*, 55 Ill. 2d 18, 22.) Furthermore, competency is determined from the totality of counsel's conduct. (*Murphy*, 72 Ill. 2d 421, 437.) In reviewing the entire record, we therefore cannot say defendant was deprived of effective assistance of counsel.

In fact, the eminently able and experienced trial judge stated expressly it would be a "substantial disservice" to the defendant "to have anyone else other than" his trial attorney. The trial judge told defendant his attorney was "fully competent to represent you." In addition, the authorities above cited require a showing of substantial prejudice to

defendant to support a contention of ineffective legal services. In view of the overwhelming evidence of guilt, we find no possible prejudice in the case before us.

■■ Defendant contends his trial counsel failed to object to the State's introduction of other crimes, but "incompetency is not established by mere failure to object" to evidence even if it was inadmissible. (*Murphy*, 72 Ill. 2d 421, 438.) We add parenthetically the assailed evidence was competent. See *People v. Foster* (1979), 76 Ill. 2d 365, 374, 392 N.E.2d 6, and *People v. Baptist* (1979), 76 Ill. 2d 19, 27-28, 389 N.E.2d 1200.

Defendant relies on *United States v. Rogers* (E.D. N.Y. 1979), 471 F. Supp. 847, where an 84-year-old defense attorney's hearing problems were among many factors which led to his disqualification. Those factors included his failure to pursue needed discovery, failure timely to move for a bill of particulars, severance, and change of venue; his lack of preparation for witness examination; and his failure to abide by rulings of the court. This case has no bearing on the facts before us.

Defendant also urges this court to apply the standard adopted by the Court of Appeals in *United States ex rel. Williams v. Twomey* (7th Cir. 1975), 510 F.2d 634, which requires a minimum standard of professional representation. The Illinois Supreme Court, however, has refused to apply that standard in *Murphy*, 72 Ill. 2d 421, 438-39, above quoted, and *Greer*, 79 Ill. 2d 103, 121.

## II.

Defendant contends his 22-year sentence was excessive because it was grossly disparate from the 18-year sentence imposed on codefendant Jerry Steward. Defendant urges he did not hold the gun during the offense.

In *People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541, this court may alter the sentence imposed by a trial court only "upon a finding of an abuse of discretion." *Cox*, 82 Ill. 2d 268, 281, citing *People v. Perruquet* (1977), 68 Ill. 2d 149, 153, 368 N.E.2d 882; see *People v. Robinson* (1980), 83 Ill. 2d 424, 429, 415 N.E.2d 1045; *People v. Kuesis* (1980), 83 Ill. 2d 402, 409, 415 N.E.2d 323.

■■■ It is correct "[f]undamental fairness requires that similarly situated defendants not receive grossly disparate sentences." (*People v. Mikel* (1979), 73 Ill. App. 3d 21, 32, 391 N.E.2d 550.) However, the imposition of a greater sentence is not an abuse of discretion where the accused and another defendant are equally accountable for the commission of the offense and where there is a basis for different sentences such as the presence or absence of prior convictions. (*People v. Crutcher* (1979), 72 Ill. App. 3d 239, 248, 390 N.E.2d 571; *Mikel*, 73 Ill. App. 3d 21, 32; see *People v. Olmos* (1979), 77 Ill. App. 3d 287, 293, 395 N.E.2d 968.) Al-

though defendant may not have held the gun during the offense, he "nevertheless shares equal guilt with the principal perpetrator of the criminal act on the theory of accountability." (*Crutcher*, 72 Ill. App. 3d 239, 248.) In any event, the trial court reduced defendant's sentence principally because of defendant's argument he did not carry the gun.

Defendant was found guilty of armed robbery, a Class X felony which carries a sentence of not less than six years and not more than 30 years. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1(a)(3).) As the trial judge noted, defendant has a long criminal record including previous convictions for robbery and armed robbery. The criminal record of codefendant Steward is not as egregious as that of defendant.

■■ Defendant also contends the trial court in the hearing in aggravation and mitigation should not have considered the two other armed robberies of UPS drivers. As above shown this evidence was competent. However, the trial judge depended primarily upon defendant's criminal record. In this regard the instant case is similar to *People v. Poll* (1980), 81 Ill. 2d 286, 408 N.E.2d 212. In addition, the sentence was far less than the properly applicable statutory penalty. After sentence the indictments for other robberies were dismissed. We find no error in the sentence as imposed.

The judgment and sentence appealed from are affirmed.

Judgment and sentence affirmed.

McGLOON and CAMPBELL, JJ., concur.