ALTENBERND, Judge.
Gary Hoskins, Nancy Hoskins, and their attorneys, Krohn & Moss, Ltd., appeal an order dismissing with prejudice their complaint against Richard Metzger and Lyon Investigations, Inc. Mr. Metzger is a private investigator who apparently testified for the Hoskins in a consumer product warranty case that they filed and lost against Kia Motors America, Inc. (“Kia”). The Hoskins and their attorneys are dissatisfied with Mr. Metzger’s services in the earlier lawsuit and are attempting to allege a cause of action against him and his employer, Lyon Investigations. Although we have substantial doubts about the ability of the Hoskins and their attorneys to allege and prove a claim against Mr. Metz-ger and Lyon Investigations, the trial court dismissed this complaint on the theory that it was barred as a matter of law by an affirmative defense of witness immunity. We reverse because we conclude that the complaint could not be dismissed on this theory at this point in the litigation.
Because the trial court dismissed the Hoskins’ complaint on a motion to dismiss, we have very little factual information in the record about the underlying lawsuit *753 and Mr. Metzger’s involvement in that lawsuit. We do not have the pleadings from that lawsuit or the transcript of the trial. The complaint in this lawsuit claims that the Hoskins, apparently as husband and wife, purchased a new car from Kia in 2005. They had difficulties with the car. On August 15, 2007, after several trips to the dealership, the car caught fire and burned. The Hoskins claim that the fire was electrical in nature and was caused by a defect in the car. From our record, we do not know the mileage on the car at the time of the fire or whether it was still under warranty. There is no indication that the Hoskins had purchased comprehensive coverage from an insurance company to cover this fire loss.
The Hoskins allege that they filed suit against Kia in November 2007. They claim that they alleged a theory against Kia under the “Magnuson-Moss Warranty Act”[1] concerning defects in this two-year-old car. The damages in this lawsuit would presumably have been measured by the value of the car. To prove this claim, the Hoskins apparently needed to prove the nature and source of the fire.
The Hoskins do not allege that they retained any experts before they filed suit. They claim that they retained Mr. Metzger and his investigation firm in late February 2008. Mr. Metzger allegedly inspected the burned vehicle at that time and rendered a long report. Our record does not contain the report, but the Hoskins and their attorneys apparently believed that the report was helpful to their case. The attorneys for Kia deposed Mr. Metzger. We do not have a copy of that deposition, but the complaint alleges that he defended his report. Apparently, the Hoskins went to trial believing they had a chance of winning the lawsuit based on Mr. Metzger’s performance to that point.
When Mr. Metzger appeared for trial in July 2010, he had “unkempt hair” and was wearing “unwashed” and “excessively worn” jeans and a Polo style shirt.[2] In contrast, Kia’s two experts appeared in “jacket and tie, with hair well groomed.” Perhaps more importantly, the Hoskins claim that Mr. Metzger could not support his theory when cross-examined, that he was impeached concerning his prior experience, and that he was unfamiliar with critical aspects of the “scientific method of investigation.” It bears repeating that this court does not have a copy of Mr. Metzger’s actual testimony and that we are describing only the content of the Hos-kins’ complaint.
The Hoskins lost their trial against Kia. They theorize that the jury believed Kia’s experts and not Mr. Metzger because of his fashion faux pas and his inadequate testimony.
The Hoskins and their attorneys sued Mr. Metzger and Lyon Investigations in June 2011. They allege the “facts” as we have described them. They base their claims on two theories — professional negligence and common law negligence. The Hoskins seek to recover the value of the car — $22,631.82—and the $83,213.90 that they owe to Kia, apparently because they rejected a proposal for settlement under section 768.79, Florida Statutes (2010). Krohn & Moss, Ltd., claim that they suffered a loss of approximately $124,000 in *754 fees that they anticipated recovering against Kia if they had won the underlying lawsuit.
Mr. Metzger and Lyon Investigations responded to this complaint by filing a motion to dismiss. They argued that the law firm had no standing to bring the claim and that the lawsuit was barred by absolute witness immunity under Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Insurance Co., 639 So.2d 606 (Fla.1994). The motion argues that there is no cause of action due to this immunity, but it appears to us that immunity is actually an affirmative defense. See Fariello v. Gavin, 873 So.2d 1243, 1245 (Fla. 5th DCA 2004); see also Kidwell v. Gen. Motors Corp., 975 So.2d 503, 505 n. 2 (Fla. 2d DCA 2007). The trial court dismissed with prejudice based on the Levin case and did not reach the issue of standing. The Hoskins and their attorneys appealed.
Before discussing the actual theory of dismissal, we note several rather obvious problems with the complaint in this case. In count one, the Hoskins and their attorneys attempt to assert a claim for professional negligence. They allege that Mr. Metzger and Lyon Investigations are licensed as investigators under section “493.6101 et seq.,” Florida Statutes (2010). That statute regulates private security, investigative, and recovery industries, including private investigators and private investigative agencies. See §§ 493.6101-.6203. “Private investigation,” by definition, includes the investigation of “[t]he causes and origin of, or responsibility for, fires.” See § 493.6101(17)(f). But the statute does not appear to require a four-year college degree to obtain a license. The complaint does not allege that Mr. Metzger holds at least a four-year college degree. In general, a claim of professional malpractice in Florida can be alleged only if the defendant is required to have a minimum of a four-year college degree. See Garden v. Frier, 602 So.2d 1273, 1275 (Fla.1992). Thus, Mr. Metzger may qualify to testify as an expert at trial, but we are not entirely convinced that he qualifies as a professional for tort liability.
Next, count two of the complaint seeks purely economic losses based on a theory of simple negligence. It is clear from the allegations that the Hoskins or their attorneys have either a written or an oral contractual arrangement with Mr. Metzger and Lyon Investigations. The complaint does not describe that contract or allege a breach of that contract. As a result, although not a basis for the motion to dismiss, the economic loss rule would appear to create difficulties for the simple negligence theory alleged in count two. See generally Indem. Ins. Co. of N. Am. v. Am. Aviation, Inc., 891 So.2d 532 (Fla.2004).
Finally, to the extent that the Hoskins and their attorneys rely on a theory that they would have won the lawsuit, i.e., that the jury would have accepted their theory of the case and not that of the experts presented by Kia if Mr. Metzger had testified in a different manner, we envision some difficulties of proof. See Green House, Inc. v. Thiermann, 288 So.2d 566, 568 (Fla. 2d DCA 1974) (discussing the rule against pyramiding an inference on an inference). Especially on the theory that the outcome of the case depends on a jury believing a well-dressed expert on the origins of the fire over an “unkempt” expert, we foresee difficulties.[3] Florida courts *755 recognize a strong public policy against posttrial juror interviews. See Harbour Island Sec. Co. v. Doe, 652 So.2d 1198, 1199 (Fla. 2d DCA 1995); Parra v. Cruz, 59 So.3d 211, 212-13 (Fla. 3d DCA 2011). In light of this policy, the Hoskins and their attorneys may find it difficult to obtain leave of court to depose the jurors who served in the prior lawsuit.
The parties did not cite and we have found no reported decisions in Florida similar to the present case. Given the above-referenced legal difficulties and the practical reality that lawyers need to have a good working relationship with their expert witnesses, it is not surprising that Florida has no reported cases similar to this case.
Although it is likely that this complaint fails to state a cause of action as alleged, we are unwilling to affirm based on the tipsy coachman doctrine. See Butler v. Yusem, 44 So.3d 102, 105 (Fla.2010) (explaining the application of the tipsy coachman doctrine). Within the facts and theories alleged, there remains the possibility that the Hoskins would and could have settled this case prior to trial if they had understood the weakness of their expert’s theory. At least some of their damages might be recoverable under such a theory. Whether their allegations can be transformed into a claim for breach of contract or misrepresentation is unclear to this court, but we cannot conclude that the complaint could not be so amended.
Concerning the actual theory of dismissal in this case, it is true that Florida has provided very broad immunity from suit for “statements or actions taken during a judicial proceeding.” See Levin, 639 So.2d at 607. That immunity, however, was created in the context of a lawsuit brought by an attorney who was forced to withdraw from a lawsuit because the other side claimed it was going to call him as a witness. When he was not actually called as a witness, the attorney sued his adversaries for intentional interference with his business relationship with his client. Id. Thus, the context of the Levin case is dramatically different from the context of this case, and we are not entirely convinced that all of the legal propositions discussed in that opinion can transfer to the facts of this case.
The limited body of law on the subject of actions against expert witnesses around the country is divided. See Laurie Strauch Weiss, Epert Witness Malpractice Actions, SN058 ALI-ABA 59 (Feb. 14-15, 2008) (examining the relatively small body of case law involving suits against friendly expert witnesses). Some cases preclude such claims. See Panitz v. Behrend, 429 Pa.Super. 273, 632 A.2d 562 (Pa.Super.Ct.1993); Bruce v. Byrne-Stevens & Assocs. Eng’rs, Inc., 113 Wash.2d 123, 776 P.2d 666 (1989); Griffith v. Harris, 17 Wis.2d 255, 116 N.W.2d 133 (1962); Schaffer v. Donegan, 66 Ohio App.3d 528, 585 N.E.2d 854 (1990); Curtis v. Wolfe, 160 Ill.App.3d 588, 112 Ill.Dec. 530, 513 N.E.2d 1139 (1987). These courts often rely on the “chilling effect” of lawsuits. In other words, these courts do not want witnesses to feel pressured to testify disingenuously to opinions contrary to their actual opinions in order to avoid a lawsuit by the lawyer who retained them. Although that is a valid concern, it is not necessarily a basis to prevent a claim against an expert witness who simply does not prepare to testify prior to trial in accordance with the contract of retainer. It is not necessarily a basis to prevent a claim against an expert who misrepresents his or her credentials prior to trial.
The cases that permit these claims tend to treat expert witnesses like other professionals. See Pollock v. Panjabi, 47 Conn. Supp. 179, 781 A.2d 518, 528 (2000) (“The *756 judicial process will be enhanced only by requiring that an expert witness render services to the degree of care, skill and proficiency commonly exercised by the ordinary skillful, careful and prudent members of their profession.” (quoting LLMD of Mich., Inc. v. Jackson-Cross Co., 559 Pa. 297, 740 A.2d 186, 191 (1999))); see also Murphy v. A.A. Mathews, a Div. of CRS Grp. Eng’rs, Inc., 841 S.W.2d 671 (Mo.1992); Boyes-Bogie v. Horvitz, No. 991868F, 2001 WL 1771989 (Mass.Super.Oct.31, 2001). As explained earlier, this reasoning may not necessarily extend to an expert witness who is not a professional for purposes of tort law.
At this stage in these proceedings, we do not have an adequate record or a necessity to establish any rules relating to causes of action brought by litigants against their own expert witnesses. We merely hold that this dismissal with prejudice of the initial complaint based on the doctrine of witness immunity is erroneous.
Reversed and remanded.
DAVIS, J., Concurs.
KELLY, J., Concurs in result only.

. The Magnuson-Moss Warranty — Federal Trade Commission Improvement Act is codified at 15 United States Code sections 2301-2312.

. Although the complaint does not explain why Mr. Metzger was inappropriately dressed, at oral argument it was suggested that he had driven to the trial and had forgotten to pack the clothes he intended to wear when he testified.

. All things being relative, Albert Einstein would likely have been a great expert witness despite his unkempt appearance.