GEORGETOWN TOWNSHIP HIGH SCHOOL DISTRICT NO. 218, Plaintiff-Appellant, *v.* BILLIE D. HARDY, Defendant-Appellee.—(D. CLARENCE WILSON *et al.*, d/b/a Wilson & Wilson, Architects, Defendants.)

Fourth District   No. 12654

Opinion filed May 6, 1976.—Rehearing denied July 1, 1976.

Clausen, Miller, Gorman, Caffrey & Witous, of Chicago (James T. Ferrini, William J. Sneckenberg, and Gary Kostow, of counsel), for appellant.

Gunn, Hickman, Kesler, Jenkins & Vogel, Ltd., of Danville (Robert Z. Hickman, of counsel), for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

The sole question in this appeal is whether the trial court erred in dismissing plaintiff's second amended complaint against this defendant for failure to state a cause of action.

Plaintiff filed a three-count complaint to recover damages for injury to its real and personal property from defendant Billie Hardy, a general contractor and D. Clarence Wilson and C. James Wilson, architects. All three counts contain these general allegations: (1) Plaintiff was the owner of the Georgetown Township High School building; (2) Defendant Billie Hardy was a general contractor who performed work on an addition and remodeling of the high school; (3) Defendants Wilson were architects and had drawn the plans and specifications for the addition and remodeling; (4) The work was completed prior to December 8, 1966; (5) On December 8, 1966, the new addition collapsed and plaintiff suffered damages in the amount of $72,444.80, the cost of the required repairs.

Count I was solely against defendant Hardy and was based on breach of express warranty.

■■ Attached to the complaint, and incorporated into Counts I and II by reference, was the contract between plaintiff and defendant Hardy. In essence it provided that defendant agreed to construct the building in (1) "strict accordance" with the plans and specifications prepared by the

architects, and (2) to do so in a workmanlike manner. These were the duties imposed upon Hardy by the contract, and they were the *only* duties imposed. It is the rule in Illinois that a contractor is not liable for damages if he (1) performs his work in accordance with the plans and specifications furnished by the owner, and (2) does so in a workmanlike manner. (*Robert G. Regan Co. v. Fiocchi*, 44 Ill. App. 2d 336, 194 N.E.2d 665; *R.F. Conway Co. v. City of Chicago*, 274 Ill. 369, 113 N.E. 703.) Breach of *either* of these two duties can give rise to a cause of action. (*Endurance Paving Co. v. Pappas*, 17 Ill. App. 2d 81, 253 N.E.2d 895.) It is also clear that a contractor has no right to deviate from plans and specifications made a part of a contract.

"Contractors have no right to depart from working plans made a part of the contract. If they do so, it is at their peril, and they become guarantors as to the strength and safety of the structures. The parties were clearly entitled to contract to have the buildings erected in accordance with certain plans and specifications. An express contract admits of no departure from its terms, and the subcontractors could discharge themselves from liability only by constructing the buildings in accordance with the plans and specifications, unless a deviation was mutually agreed upon. *Clark et al. v. Pope et al.*, 70 Ill. 128, 132." *Robert G. Regan Co. v. Fiocchi*, 44 Ill. App. 2d 336, 340, 194 N.E.2d 665.

Paragraph 7 of Count I of the complaint alleged that:

"7. Defendant HARDY breached the aforesaid expressed warranty and agreement by erecting and constructing the addition to the GEORGETOWN TOWNSHIP HIGH SCHOOL building in an unworkmanlike manner and not in conformity with the plans and specifications prepared by defendant WILSON in the following manner:

a) The addition to the GEORGETOWN TOWNSHIP HIGH SCHOOL building could not withstand horizontal wind pressures of 15 lbs. per square foot;

b) The roof could not withstand pressures acting outward from the normal to the roof surface equal to 1.25 x 15 lbs. per square foot;

c) The roof anchorage did not consist of steel or iron bolts to resist the vertical uplift of the roof;

d) The roof anchorage provided for on the roof trusses was not of sufficient strength nor properly fastened in that it consisted of merely ½-inch wads bent to cover the flange on the roof joist."

■■ Subparagraphs a and b seek to impose duties upon defendant which are beyond the duties above referred to. Defendant had no duty to

construct a building which would withstand any given wind pressures. If the design was such that the structure would withstand only 1 pound of pressure per square foot, and he followed that design and specifications, and performed his task in a workmanlike manner, his duties were fulfilled. These two subparagraphs, taken with the allegations of the remaining numbered paragraphs of the complaint do not state a cause of action.

■■ Subparagraphs c and d of Count I, taken with the other allegations thereof, do state a cause of action. They allege that the defendant failed to construct a portion of the building in accordance with the specifications, and that this was unworkmanlike performance. Plaintiff therefore alleges, with sufficient clarity a violation, by defendant, of both of his duties to plaintiff.

Count II of the complaint alleged that defendant impliedly warranted that his work would be performed in a workmanlike manner. Paragraph 7 of the Count alleged that:

> "Defendant HARDY breached the aforesaid implied warranty by not constructing and erecting the addition to the GEORGETOWN TOWNSHIP HIGH SCHOOL building in a careful and workmanlike manner * * *."

Paragraph 8 alleged: "The addition to the GEORGETOWN TOWNSHIP HIGH SCHOOL building was not performed in a careful and workmanlike manner for the following reasons:* * *," this language being following by subparagraphs a, b, c, and d, essentially containing the identical language set forth in the subparagraphs of paragraph 7 of Count I above recited.

It is to be noted that there is no allegation, in Count II that the defendant failed to follow the plans and specifications in performing his work. As above noted defendant's duties are delineated by the contract, and Count II fails to allege that those duties were breached. The trial judge correctly held that Count II does not state a cause of action.

■■ Count III of the complaint sounds in negligence. Both the architect and Hardy are named as parties defendant. The architect is alleged to be negligent in failing to design the building to withstand certain wind pressures, with failing to require a specific type of roof anchorage, etc. The negligence attributed to defendant Hardy is the failure to incorporate these structural features in the construction of the building. As we have previously pointed out Hardy had no such duty. His duty was to follow the design not deviate from it. Count III was properly dismissed.

For the above reasons we affirm the trial court's dismissal of Counts II and III of the complaint, and reverse as to Count I. We remand with

directions to strike subparagraphs a and b of paragraph 7 of Count I and for further proceedings on that count.

Affirmed in part, reversed in part and remanded with directions.

TRAPP, P. J., and CRAVEN, J., concur.