VASCO V. MILLAN, Plaintiff-Appellant, *v.* WOLFGANG P. SEIBT *et al.*, Defendants-Appellees.

First District (4th Division)   No. 76-716

Opinion filed June 2, 1977.

Brundage and Garr, Ltd., of Chicago, for appellant.

Willis R. Tribler, Robert F. Klimek, and Haskell & Perrin, all of Chicago, for appellee Whitfield and Reninger, Ltd.

Benjamin S. Adamowski, of Chicago, for appellee Wolfgang P. Seibt.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from a ruling of the circuit court of Cook County granting a motion for involuntary dismissal of an action brought by Dr. Vasco V. Millan (plaintiff) against Dr. Wolfgang P. Seibt and Whitfield and Reninger, Ltd. (defendants). The action below challenged an accounting pertaining to the dissolution of certain partnerships.

The issue presented for review is whether it was error for the court to grant a motion for involuntary dismissal in an action challenging the correctness of an auditor's figures of a partnership dissolution, when the plaintiff therein failed to fulfill his own commitment, under the partnership dissolution agreement, to cooperate with the agreed upon auditors to certify records in the dissolution.

Dr. Millan and Dr. Seibt were, prior to April of 1974, owners and partners in the ownership of a building in Chicago, then known as 5100 Lincoln Building Partnership, and also partners in an additional enterprise, known as 5100 Building X-Ray Division.

In April of 1974, the parties decided to dissolve the partnerships. This resulted in certain agreements, contracts and amendments regarding the dissolutions.

One portion of the agreement provides the parties would appoint Whitfield and Reninger, Ltd., a firm of certified public accountants, to certify a final accounting between the parties for monies held in the building partnership and for a final accounting of the monies, assets and other matters involved in the 5100 Building X-Ray Division. It was also agreed the parties would cooperate with their accountants in order to settle dissolution payment on the basis of this final accounting. The auditors did review the books and records of the partnerships on November 4, 1974, and notified Dr. Millan and Dr. Seibt of their findings. Dr. Millan was dissatisfied with the audit and filed a complaint in the circuit court.

Fairly read, Dr. Millan's complaint alleges Whitfield and Reninger, Ltd. recorded incorrect figures (*i.e.*, incorrect accounts receivable, deductions, expenses and rental figures) in their final accounting and acted as the agent of Dr. Seibt only.

Defendants filed, in lieu of an answer, a motion for involuntary dismissal of the action under section 48(1)(i) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 48(1)(i)), predicated upon the allegation that Dr. Millan's claim is barred by a contractual agreement between the parties.

Section 48 of the Civil Practice Act provides, in pertinent part:

"(1) Defendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds. If the grounds do not appear on the face of the pleading attacked the motion shall be supported by affidavit:

* * *

(i) That the claim or demand asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim or demand. * * *"

The main purpose of section 48 is to provide for a disposition of a case upon such defenses as may be decided by resort to a record. The purpose is primarily that of affording a means of obtaining at the outset a summary disposition of issues of law. *Stanley v. Chastek* (1962), 34 Ill. App. 2d 220, 180 N.E.2d 512.

An affidavit of plaintiff's counsel claims the defendants have failed to

reasonably attempt to resolve the disputes set forth in the complaint, but this conclusion is rebutted. Affidavits in support of the defendants' motion for involuntary dismissal assert defendants are and were at all times ready to comply with the dissolution agreement whereby the parties agreed to cooperate in order to settle dissolution payment based on the accounting of Whitfield and Reninger, Ltd.

■■■ We have examined the complaint, the motion for involuntary dismissal and the supporting affidavits, as well as the transcript of the hearing on the motion for involuntary dismissal, and conclude the plaintiff failed to abide by his agreement. Plaintiff was bound by contractual agreement regarding challenges to the correctness of the auditor's figures, which obligation he failed to meet. The plaintiff must allow the defendants to satisfactorily fulfill their end of the contract before any question of fact may arise as to the propriety of particular entries in the final accounting. Since no material issue of fact can exist as to such entries until the plaintiff complies with the dissolution agreement, the motion for involuntary dismissal was properly granted.

For the foregoing reasons, the judgment of the circuit court of Cook County is hereby affirmed.

Affirmed.

JOHNSON and ROMITI, JJ., concur.