JEFFREY BREWER, a/k/a Jeffrey Wilson, a Minor, by Harriett Wilson, his Mother and Next Friend, *et al.*, Plaintiffs-Appellants, *v.* JACK STOVALL, Superintendent of Highways of Morgan County, *et al.*, Defendants-Appellees.

Fourth District   No. 14130

Opinion filed November 4, 1977.

Wiseman, Shaikewitz, McGivern & Wahl, of Alton, for appellants.

Rammelkamp, Bradney, Hall & Dahman, of Jacksonville (Robert E. Bradney, of counsel), for appellees.

262

Mr. JUSTICE GREEN delivered the opinion of the court:

Our disposition of this case is primarily concerned with a construction of section 48(1)(i) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 48(1)(i)) which provides for dismissal of a complaint by a trial court upon a defendant's motion supported by affidavit showing "[t]hat the claim or demand asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim or demand."

Plaintiffs Jeffrey Brewer, a/k/a Jeffrey Wilson (a minor), appearing by Harriett Wilson, his mother and next friend, and Harriett Wilson in her own behalf sued defendants Jack Stovall as superintendent of highways of Morgan County and Morgan County in the Circuit Court of Morgan County seeking recovery arising from injuries allegedly received by the minor plaintiff as a result of a fire in the area of the Morgan County Highway Garage. Plaintiffs' 12-count second amended complaint as amended was dismissed in bar of action by the trial court pursuant to defendants' 2-count motion to dismiss. The first count of the motion merely attacked the sufficiency of the complaint. The second count of the motion stated that it was filed pursuant to section 48(1)(i), set forth facts and was supported by affidavits. Plaintiffs maintain on appeal that each count of the complaint stated a cause of action and that the affidavits were not properly before the court on the motion.

Defendants' objections to the complaint were directed to all counts. The parties do not dispute that the issues as to the sufficiency of the complaint as raised in count I of the motion are whether the complaint alleges a duty upon the defendants toward the minor plaintiff and a breach of that duty which proximately caused injury to the minor. The issues as to each count are the same. The substance of the allegations is as follows: (a) At about 5 p.m. on August 4, 1973, the minor plaintiff, then aged 6, and another child of similar age entered the garage area by crawling under a hole in a fence and while playing in or about the area one or both of the children spilled and then ignited some gasoline severely burning the minor plaintiff. (b) At the time there existed, and defendants knew or should have known of a hole in the fence that would permit a child to crawl under the fence and to play in the area, a gasoline hose and pump without safety devices to prevent the operation of the hose and the pump, and the open storage of matches in the fuel shed where the pump and hose were located. (c) Defendants knew or should have known that a child would be likely to crawl through the hole and go to the garage area where the gasoline and matches were located. (d) The foregoing involved a reasonably foreseeable risk of harm to children. (e) The cost of remedying the defective situation described was small in comparison to the risk to children frequenting the area.

■■■ In *Cunis v. Brennan* (1974), 56 Ill. 2d 372, 308 N.E.2d 617, the supreme court has ruled that one owes no duty to prevent negligent injury to another unless that injury is reasonably foreseeable. In *Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614, 625, 126 N.E.2d 836, 842, the court ruled that when an occupier of land "knows, or should know that young children habitually frequent the vicinity of a defective agency existing on the land, which is likely to cause injury" to children who cannot appreciate the risk and where the cost of remedying the defective agency is "slight compared to the risk," the occupier is under a duty to use care to remedy the defect or protect the children. The court stated that the attractiveness of the premises to young children was pertinent only as it bore upon the occupier's responsibility to anticipate that children might come on the premises. The instant complaint was apparently patterned after *Kahn* but also met the requirements of *Cunis*.

Although more specificity in the complaint might have been desirable, we deem it sufficient to set forth ultimate facts indicating that (a) defendants knew or should have known that young children came upon the premises, (b) gasoline could easily be pumped from the hose, (c) with matches present, young children might be likely to ignite the gasoline, (d) it could be reasonably foreseen that children would do so and injure themselves and (e) the cost of preventing young children from entering would be small in comparison to the danger to the children. The plaintiffs were not required to plead their evidence. The counts of the complaint sufficiently met the objections directed to them in count I of the motion to dismiss.

Most of defendants' argument, however, is addressed to their claim of the insufficiency of the complaint to stand in the face of the factual statements set forth in count II and supported by affidavit. The substance of these allegations was, (a) the county spent more than $5000 in 1968 to enclose the area and the fence was in excellent condition on the day of the fire, (b) no fence is completely child proof, (c) when the last employee left at 3 p.m. on the day of the fire the gasoline storage shed, the carpenter shop and all gates to the premises were locked and no vandalism had then taken place, (d) the fence gates were still locked at 5:30 when the Jacksonville fire chief arrived, and (e) an investigation indicated that children had broken into a carpenter shop, removed a hatchet and flares, knocked the lock off of the shed containing the gasoline pumps and then chopped the gasoline hose into pieces. Plaintiffs filed no counteraffidavits.

■■■ The parties do not dispute that when no counteraffidavits are filed, affidavits concerning matters properly the subject of a section 48 motion are taken as true. The dispute here concerns whether the factual matters alleged in count II of defendants' motion and supported by

affidavit are "affirmative matters" within the meaning of section 48(1)(i). Few cases have discussed the question. The comments of the committee drafting the Civil Practice Act state with reference to subparagraph (i), "It is designed to encourage the early termination of litigation where affirmative defenses exist." (Ill. Ann. Stat., ch. 110, par. 48, Committee Comments, at 353 (Smith-Hurd 1968).) Black's Law Dictionary (4th ed. 1951) describes the word "affirmative" as the opposite of "negative." In defining the word "affirm" with reference to pleading, Black's states, "To allege or aver a matter of fact; to state it affirmatively; the opposite of deny or traverse." The reference in section 48(1)(i) to "affirmative matter" which avoids or defeats the opponent's claim supports the committee's comments that the subparagraph was intended to provide only for the raising of affirmative defenses. Consistent with this interpretation is the statement in *Loughman Cabinet Co. v. C. Iber & Sons, Inc.* (1977), 46 Ill. App. 3d 873, 361 N.E.2d 379, and *Cain v. American National Bank & Trust Co.* (1975), 26 Ill. App. 3d 574, 325 N.E.2d 799, that a section 48(1)(i) motion admits, for the purpose of the motion, the facts well pleaded in the complaint.

Defendants place a different construction on the subparagraph, treating it somewhat like a motion for summary judgment under section 57 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 57). They contend that the sufficiency of the complaint must be judged as if the uncontested factual statements in their affidavits were taken to be part of the complaint. Under their theory, the allegation that the minor's injury was reasonably foreseeable must be viewed in the light of the affidavits indicating that the minors broke into the carpenter and fuel sheds and cut the hose and that the amount of expense required to keep children from the premises must be viewed in the light of the expenditures stated to have already been made by defendants. They do not treat the subparagraph as limited to matters of affirmative defenses but rather consider its application to include allegations of facts that negate or traverse the allegations of ultimate facts stated in the complaint.

Defendants support their contention by citing the ruling of the supreme court in *John v. Tribune Co.* (1962), 24 Ill. 2d 437, 181 N.E.2d 105. Eve John sued the defendant newspaper alleging that it had libeled her by describing her as a woman who had been arrested in a raid. The article stated that Dorothy Clark, aged 57, who had an alias of Eve John, was arrested in a police vice raid on an apartment. The defendant filed a motion to dismiss supported by an affidavit stating that plaintiff, Eve John, was 27 years of age and resided in an apartment on the floor below the apartment mentioned in the article. The trial court allowed the motion to dismiss. The appellate court reversed ruling that the affidavit merely set forth ordinary "evidence upon which" the defendant expected "to contest

a vital fact" stated in the complaint. (*John v. Tribune Co.* (1958), 19 Ill. App. 2d 547, 553, 154 N.E.2d 862, 865.) Upon remand, a trial was held resulting in a judgment for plaintiff. The appellate court then reversed for errors at trial. 28 Ill. App. 2d 300, 171 N.E.2d 432.

After granting leave to appeal in *John*, the supreme court ruled that the trial court was correct in its original judgment dismissing the case upon the defendant's motion and that the appellate court erred in its original reversal. The supreme court noted that defendant's affidavit showed that plaintiff's age was 27 as compared to Dorothy Clark's 57 and that plaintiff lived on the floor below Dorothy Clark. The court reasoned that the allegations of the contents of the newspaper article should have been considered in the light of defendant's uncontroverted affidavit and under the innocent construction rule determined not to refer to plaintiff. The court then ruled that viewed in this manner, the complaint failed to state a cause of action.

Thus, in *John*, as here, the effect of the defendant's motion was not to set forth an affirmative defense but to traverse the ultimate facts alleged in the complaint. In both cases, the court tested the sufficiency of the complaint in the context of the allegations of fact in the section 48(1)(i) motion negating plaintiffs' affirmative allegations of ultimate facts in the complaint. In *John*, the motion negated the allegations that the article referred to plaintiff. In the instant case, the motion negated the allegations that the minor's injuries were reasonably foreseeable and that the defendants, without undue expense, could have remedied the alleged security defect which enabled the children to get to the gasoline.

*John* has not been cited for its interpretation of section 48(1)(i) and no case has been called to our attention giving it such a broad interpretation. In *Millsaps v. Bankers Life Co.* (1976), 35 Ill. App. 3d 735, 342 N.E.2d 329, the subparagraph was properly used to set forth the affirmative defense of privilege. In *Ingersoll v. Klein* (1969), 106 Ill. App. 2d 330, 245 N.E.2d 288, *aff'd* (1970), 46 Ill. 2d 42, 262 N.E.2d 593, the use of a section 48(1)(i) motion to set forth facts to show that the law of Illinois rather than Iowa was applicable to the case was approved. The complaint was dismissed because, under the allegations of the complaint, no recovery was permitted under Illinois law.

■■ Unlike in *John*, the defendants' motion here goes to negate most of the substantial allegations of ultimate fact in the complaint. That section 48 was not intended to have such a broad coverage is shown by paragraph 3 of the section. At a hearing on a section 48 motion, it permits the court to determine disputed facts. If defendants' interpretation of the breadth of the section is correct, the court, in the absence of a jury demand could decide a case contested on all of the issues upon affidavits and evidence. Under this interpretation, the section has a broader scope

than the summary judgment provisions of section 57. It thus appears evident that the phrase "affirmative matters" did not include every statement of evidentiary fact which tends to negate the allegations of the complaint.

In giving a section 48 motion to dismiss the broad scope of a motion for summary judgment and then treating its allegations as matters to be considered in determining the sufficiency of the complaint as was done in *John,* defendants seem to be violating an admonition in a recent case decided by the supreme court when no members who concurred in *John* were still on the court. In discussing a defendant's attempt to combine a section 45 motion and a section 57 summary judgment motion, the court stated:

> "Decision of this case has been made unnecessarily difficult because the trial and appellate courts and the parties have not drawn a sufficiently sharp distinction between the proper inquiry on a motion to dismiss and a motion for summary judgment. Indeed, the motions filed by the savings and loan associations seem predicated on the assumption that there exists a hybrid procedure whereby a defendant may challenge the legal sufficiency of a complaint and, at the same time, answer it, file affidavits stating facts which would be admissible at trial, and demand judgment on the merits. Chicago Title's motion, to be sure, is phrased in the alternative, but apparently it also contemplates such a hybrid." *Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 405-06, 312 N.E.2d 605, 609.

■■ The effect of defendants' motion here is to question the sufficiency of the complaint and at the same time to set forth voluminous facts answering the allegations of ultimate fact in the complaint. Even if section 48(1)(i) provides for raising matters beyond affirmative defenses, we are persuaded that it does not encompass the consideration of the allegations of count II of defendants' motion. If the facts set forth in defendants' affidavits are undisputed and as a matter of law would preclude recovery, that issue can only be raised before trial in a motion for summary judgment.

Since we consider the complaint to state a cause of action and the allegations of count II of the motion to dismiss not to be proper for consideration in a section 48 motion, we reverse the judgment dismissing the case in bar of action and remand the case to the trial court for further proceedings.

Reversed and remanded.

CRAVEN, P. J., and WEBBER, J., concur.