JAMES F. PERKAUS, Plaintiff-Appellant, v. CHICAGO CATHOLIC HIGH
SCHOOL ATHLETIC LEAGUE *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 85—0011

Opinion filed January 14, 1986.

Corboy & Demetrio, P.C., of Chicago (Philip H. Corboy and Bruce Robert Pfaff, of counsel), for appellant.

Aries, Hoyt & Williams, Burdick & Smith, Querrey, Harrow, Gulanick & Kennedy, Ltd., McKenna, Storer, Rowe, White & Farrug, Dowd & Dowd, Ltd., Cassiday, Schade & Gloor, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, and Baker & McKenzie, all of Chicago (William M. Waller, Robert M. Smith, Philip Baron, Victor J. Piekarski, Lawrence R. Smith, Richard M. Clark, Shaun McParland, Michael E. Dowd, Philip J. McGuire, Richard A. Barrett, Jr., Manuel Sanchez, Stephen R. Swofford, Francis D. Morrissey, and Thomas F. Tobin, of counsel), for appellees.

JUSTICE STAMOS delivered the opinion of the court:

Plaintiff, James F. Perkaus, appeals from the order of the circuit court of Cook County dismissing counts VII and VIII of his third amended complaint against defendants, the Chicago Catholic High School Athletic League, an unincorporated association of Catholic high schools, and its 14 individual members, for failure to state a cause of action. Plaintiff contends that the well-pleaded facts of count VII, which alleges negligence, showed the existence of a duty owed by

defendants to plaintiff.[1]

Plaintiff, a Loyola Academy High School student, was severely injured in a game between two rugby clubs fielded by Loyola and Gordon Technical High School. In addition to suing Loyola and Gordon for their alleged negligence and wilful and wanton conduct, plaintiff sued all 14 Catholic high schools which comprise the Chicago Catholic High School Athletic League, based on the schools' association with the Catholic League. The trial court dismissed only those counts of plaintiff's complaint which sought to hold the high schools liable on account of their association with the Catholic League. Plaintiff's action against Loyola Academy and Gordon Technical for their alleged conduct continues to pend in the trial court.

Plaintiff's original complaint alleged only negligence against the Catholic League. After several defendants filed motions to dismiss, plaintiff filed an amended complaint which also alleged wilful and wanton conduct.

Count VII of the first-amended complaint alleged as follows:

"1. Defendant, CATHOLIC LEAGUE, is an unincorporated association which regulates, coordinates and oversees the sporting activities of its fourteen member schools.

2. The fourteen member schools are subject to the rules and regulations as described in defendant, CATHOLIC LEAGUE's constitution and by-laws in addition to the rules and regulations of the Illinois High School Association.

3. On May 2, 1980, the rugby clubs of LOYOLA and GORDON, both member schools of defendant, CATHOLIC LEAGUE, were engaged in a rugby game in West Park in the Village of Wilmette, Cook County, Illinois.

4. At the time and place aforesaid, defendant, CATHOLIC LEAGUE, was negligent in one or more of the following respects:

a) Allowed its member schools to sponsor rugby clubs even though defendant, CATHOLIC LEAGUE, knew or should have known the contact nature of the sport;

b) Failed to insist upon the provision of protective equipment to the rugby athletes;

c) Allowed its member school GORDON to employ coaches with little or no rugby experience;

d) Allowed its member schools GORDON and LOYOLA to

---

[1]In his brief, plaintiff does not challenge the dismissal of count VIII, which alleges wilful and wanton negligence.

employ assistant coaches who were not certified to teach in the State of Illinois, in violation of Illinois High School Association By-Law 2.060;

e) Failed to adequately inform itself of the sporting activities of its member schools;

f) Failed to inform its member schools of the risk of serious harm in the game of rugby even though it knew or in the exercise of ordinary care should have known that such information would be necessary to its member schools;

g) Failed to obtain, disburse or make available information relating to the incidence of serious injury in rugby even though it knew or in the exercise of ordinary care should have known that said information existed.

5. As a proximate result of one or more of the aforesaid negligent acts or omissions of defendant, CATHOLIC LEAGUE, plaintiff suffered injuries of a personal and pecuniary nature."

Count VIII of the first-amended complaint repeated the allegations of count VII except that wilful and wanton, rather than negligent conduct, was alleged.

Although plaintiff, in paragraph 2 of counts VII and VIII, pleaded the Catholic League's constitution and bylaws, plaintiff failed to attach a copy of either document to his complaint. Defendants therefore filed copies of the omitted constitution and bylaws, together with affidavits establishing their authenticity. An examination of the constitution and bylaws discloses that rugby is not a Catholic League sport and is not regulated by the league. The constitution and bylaws also indicate that even with respect to those sports which the Catholic League recognizes, the league does not undertake to regulate those aspects of the sports about which the plaintiff has complained, i.e., requirements for protective gear, coaches' qualifications and warning of the danger of contact sports. The affidavits filed to authenticate the constitution and bylaws further establish that rugby is not a Catholic League sport and that the Catholic League has no moderator for rugby as it does for league sports. Plaintiff did not challenge the authenticity of the constitution and bylaws, move to strike them or file any counteraffidavits.

Based on the defendants' motions to dismiss, the trial court dismissed counts VII and VIII of the first amended complaint because they failed to plead a legal duty. The dismissal was entered with prejudice except as to two paragraphs of count VII: subparagraph 4(b), alleging that the Catholic League negligently failed to require protect-

ive equipment, and subparagraph 4(c), alleging that the Catholic League negligently allowed Loyola and Gordon to employ coaches without rugby experience.

Plaintiff thereafter filed a second and then a third amended complaint, which were identical with each other insofar as they sought to impose liability on the Catholic League in counts VII and VIII. They were also identical with the previously dismissed first-amended complaint insofar as they attempted to plead the legal duty of the Catholic League. The only difference was in paragraph 4, which stated the Catholic League's allegedly negligent conduct in count VII:

"4. At the time and place aforesaid, defendant, CATHOLIC LEAGUE, was negligent in one or more of the following respects:

a. Failed to require the provision of protective equipment to the rugby athletes of its member schools even though defendant, Catholic League, knew, or should have known, that said protective equipment was necessary for the health and safety of the rugby athletes at its member schools;

b. Failed to inform its member schools of the incidence of serious injury in rugby, even though defendant, Catholic League, knew, or should have known, that said information was necessary for the protection of the health and safety of the rugby athletes at its member schools;

c. Allowed and permitted its member school, Gordon, to employ coaches with little or no rugby experience;

d. Failed to provide adequate training methods or procedures for the coaches of its member school, Gordon, even though defendant, Catholic League, knew, or should have known, that such training was necessary to insure the health and safety of the rugby athletes at its various member schools."

Count VIII was expressed in identical terms but alleged wilful and wanton conduct.

Defendants filed a joint motion to dismiss counts VII and VIII of the second amended complaint, which was later adopted as a motion to dismiss counts VII and VIII of the third amended complaint. At the hearing on defendants' motion to dismiss, plaintiff conceded that the Catholic League is not liable with respect to the allegations in subparagraph 4(b) of count VII. The trial court dismissed counts VII and VIII of the third-amended complaint on the same basis that it had dismissed counts VII and VIII of the first amended complaint, *i.e.*, that plaintiff failed to plead facts showing a legal duty on the part of

the Catholic League. In addition, the court found nothing in the Catholic League's constitution and bylaws to establish a duty. On appeal, plaintiff has not challenged the dismissal of count VIII.

Plaintiff now contends that the well pleaded facts of count VII of his third-amended complaint showed the existence of a duty owed by defendants to plaintiff. We disagree.

■ A complaint for negligence must set out the existence of a duty owed by the defendant to the plaintiff, a breach of that duty and an injury proximately resulting from the breach. (*Cunis v. Brennan* (1974), 56 Ill. 2d 372, 374, 308 N.E.2d 617.) The issue of duty is a question of law to be decided by the court, and it encompasses the question of whether the defendant and the plaintiff stand in such a relationship to one another that the law imposes upon the defendant an obligation to act with reasonable care for the plaintiff's benefit. 56 Ill. 2d 372, 374, 308 N.E.2d 611.

In attempting to establish the existence of a duty, plaintiff generally alleged in paragraphs 1 and 2 of count VII of his third-amended complaint that the Catholic League "regulates, coordinates and oversees the sporting activities of its fourteen member schools" which "are subject to the rules and regulations" of the league as set forth in its constitution and bylaws. Plaintiff, however, did not specifically allege that the Catholic League regulated rugby in any manner, that the league was responsible for the game in which plaintiff was injured or that the league knew that two of its member schools fielded rugby teams. Moreover, even assuming that rugby was one of the sports recognized by the Catholic League, plaintiff did not allege that the league had any control over those aspects of the sports of which he now complains. Specifically, although plaintiff alleged in subparagraph 4(a) of count VII of his third-amended complaint that the Catholic League was negligent in failing to require its member schools to provide protective equipment to rugby athletes, he never alleged that the league had the authority to impose this requirement on its members. Accordingly, we find plaintiff's reliance on *Lynch v. Board of Education* (1980), 82 Ill. 2d 415, 412 N.E.2d 447, *Gerrity v. Beatty* (1978), 71 Ill. 2d 47, 373 N.E.2d 1323, *Hadley v. Witt Unit School District 66* (1984), 123 Ill. App. 3d 19, 462 N.E.2d 877, *Nielsen v. Community Unit School District No. 3* (1980), 90 Ill. App. 3d 243, 412 N.E.2d 1177, and *Peterson v. Multnomah County School District No. 1* (1983), 64 Ore. App. 81, 668 P.2d 385, to be misplaced. In each of these cases, the defendant school district or athletic association either had the authority to furnish equipment to prevent serious personal injuries or had voluntarily undertaken to make safety recommendations

or to disseminate the safety recommendations of others.

██ And although plaintiff alleged in subparagraphs 4(c) and (d) of count VII of his third-amended complaint that the Catholic League allowed Gordon Technical High School to employ coaches with little or no rugby experience and failed to provide adequate training methods or procedures for Gordon's coaches, he never alleged that the League had the authority to establish minimum standards of qualifications for athletic coaches. Accordingly, we find plaintiff's reliance on *Western Stone Co. v. Wahlen* (1894), 151 Ill. 472, and *Easley v. Apollo Detective Agency, Inc.* (1979), 69 Ill. App. 3d 920, 387 N.E.2d 1241, also to be misplaced. These cases uphold the liability of an employer for negligently hiring someone the employer knew, or should have known, was unfit for the position sought to be filled. Since plaintiff never alleged in his third-amended complaint that the Catholic League had any control over the hiring and training of the athletic coaches of its member schools, these authorities are readily distinguishable.

In our judgment, the few general allegations of fact set forth in the first two paragraphs of count VII of the third-amended complaint simply will not support the many inferences plaintiff has sought to draw from them, particularly in light of the numerous opportunities plaintiff had to prepare a complaint containing more detailed specifications of fact.

We note further that the conclusional allegations of plaintiff's complaint were directly contradicted by an examination of the Catholic League's constitution and bylaws, which defendant submitted in support of their joint motion to dismiss. A review of these documents, together with the accompanying affidavits, discloses that rugby is not a Catholic League sport and is not regulated by the league. While the league attempts to regulate competition among its member schools, it does not undertake to regulate those aspects of the sports of which plaintiff has complained. The Catholic League does not assume responsibility for providing or requiring protective equipment or for establishing minimum qualifications or training for athletic coaches.

██ █ In Illinois, the constitution and bylaws of an unincorporated association constitute a contract between the association and its members. (*American Federation of Technical Engineers v. La Jeunesse* (1975), 25 Ill. App. 3d 765, 767, 324 N.E.2d 23, *rev'd on other grounds* (1976), 63 Ill. 2d 263, 347 N.E.2d 712.) Although plaintiff is not a party to the Catholic League constitution and bylaws and therefore is not legally bound by them, the constitution and bylaws do define the Catholic League's voluntary assumption of responsibility with respect to sports activities and therefore define the legal duty

that the league owes to plaintiff. Where a defendant is charged with negligence because of his failure to perform an act allegedly required by contract, the question of whether the defendant actually had a duty to perform the act usually must be determined from the terms of the contract. (*Barnes v. Rakow* (1979), 78 Ill. App. 3d 404, 407, 396 N.E.2d 1168.) In these situations the defendant's duty will not be extended beyond the duties described in the contract. (*Georgetown Township High School District No. 218 v. Hardy* (1976), 38 Ill. App. 3d 722, 349 N.E.2d 88.) The supreme court has held that where a plaintiff seeks to impose a tort duty on a defendant based on a contractual obligation, the scope of the defendant's duty is dependent on the terms of the contract. (*Ferentchak v. Village of Frankfort* (1985), 105 Ill. 2d 474, 482, 475 N.E.2d 822.) It is apparent that no duty can be imposed on the Catholic League in the instant case based on the league's constitution and bylaws, because they do not purport to regulate rugby.

■ In his reply brief plaintiff strenuously challenges defendants' right to rely on the Catholic League's constitution and bylaws in support of their joint motion to dismiss. We find plaintiff's position in this matter to be anomalous. It was plaintiff who pleaded the constitution and bylaws. While a motion to dismiss admits all facts well-pleaded as well as all reasonable inferences therefrom favorable to plaintiff (*Wilbur Waggoner Equipment Rental & Excavating Co. v. Johnson* (1975), 33 Ill. App. 3d 358, 361, 342 N.E.2d 266), an exhibit attached to a complaint controls, and a motion to dismiss does not admit allegations of a complaint in conflict with facts disclosed by the exhibit (33 Ill. App. 3d 358, 361, 342 N.E.2d 266). When plaintiff failed to attach to his complaint authenticated copies of the Catholic League's constitution and bylaws, it was entirely appropriate for defendants to submit these documents in support of their motion to dismiss under section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—619).

■ Section 2—619(a)(9) provides that a defendant may move to dismiss an action on the ground that "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim," and further provides that the defendant may support his motion by affidavit. (Ill. Rev. Stat. 1983, ch. 110, par. 2—619(a)(9).) Although "affirmative matter" does not include "evidence offered to refute a well-pleaded fact stated in the complaint," it does include "something in the nature of a defense that negates the alleged cause of action completely or refutes crucial conclusions of law or conclusions of material fact unsupported by allegations

of specific fact contained in or inferred from the complaint." *Austin View Civic Association v. City of Palos Heights* (1980), 85 Ill. App. 3d 89, 93-94, 405 N.E.2d 1256.

■ In our judgment, defendants properly relied upon section 2—619(a)(9) to file the Catholic League's constitution and bylaws and the accompanying affidavits in support of their joint motion to dismiss. These materials refuted plaintiff's conclusional allegation in paragraph 1 of count VII of his third-amended complaint that the Catholic League "regulates, coordinates and oversees the sporting activities of its fourteen member schools" generally, and directly contradicted the unsupported inference that rugby is a Catholic League sport. The documents and affidavits clearly had a bearing on whether the Catholic League had assumed a duty of care to protect participants in rugby, a nonleague sport, or to regulate the equipment players wear or the qualifications of coaches in those sports which the league recognizes.

We find ample support for this use of section 2—619(a)(9). In *White Way Sign & Maintenance Co. v. Montclare Lanes, Inc.* (1976), 42 Ill. App. 3d 199, 355 N.E.2d 632, plaintiff sued a land trustee for breach of a contract entered into by the trust beneficiary. The trial court dismissed the trustee after the trustee filed the land trust agreement which showed that the beneficiary had no authority to contract on behalf of the trustee. We affirmed the order of dismissal. Similarly, in the case at bar, defendants filed the constitution and bylaws of the Catholic League to establish that the league has no authority or control over rugby. In *Kinney v. Continental Assurance Co.* (1976), 42 Ill. App. 3d 263, 356 N.E.2d 131, the court stated that in an action seeking to hold an employer vicariously liable for the negligent acts of an employee, the absence of an employment relationship or of action within the scope of employment was appropriately raised under the predecessor to section 2—619(a)(9). In *Millan v. Seibt* (1977), 49 Ill. App. 3d 506, 364 N.E.2d 521, the court held that plaintiff's action for an accounting upon the dissolution of certain partnerships was properly dismissed as premature, where, under the terms of a "letter of agreement" attached to defendant's motion to dismiss, the parties had promised to cooperate with their accountants in order to settle dissolution payment on the basis of the auditor's final accounting, and the record failed to show that plaintiff had complied with this agreement.

In opposing defendants' reliance upon section 2—619(a)(9) to introduce copies of the Catholic League's constitution and bylaws, plaintiff cites *Stedman v. Spiros* (1959), 23 Ill. App. 2d 69, 161 N.E.2d 590, and *Brewer v. Stovall* (1977), 54 Ill. App. 3d 261, 369 N.E.2d 365. In

our judgment, neither case is applicable.

In *Stedman*, the court merely held that the defendant could not invoke the predecessor to section 2—619(a)(9) to contest facts stated in the complaint. (23 Ill. App. 2d 69, 76, 161 N.E.2d 590.) In the case at bar, however, defendants have relied upon section 2—619(a)(9) not to contest the well-pleaded facts of plaintiff's complaint, but to refute the conclusional allegation that the Catholic League regulates sporting activities generally, to contradict the unsupported inference that rugby is a Catholic League sport and to challenge the conclusion of law that the league had assumed a duty to protect participants in rugby, a nonleague sport, or to regulate the equipment players wear or the qualifications of coaches in those sports which the league recognizes. We note further that the passage in *Stedman* which plaintiff quotes in his reply brief was *dicta*, since the court determined that plaintiff's complaint was properly dismissed under the predecessor to section 2—615, and that it cited an appellate court decision which was ultimately reversed by the supreme court. See *John v. Tribune Co.* (1962), 24 Ill. 2d 437, 181 N.E.2d 105, where the court held that whether allegedly libelous material was "of and concerning" the plaintiff presented a question of law which could be resolved on the basis of affidavits submitted in support of defendant's motion to dismiss.

In *Brewer v. Stovall* (1977),  54 Ill. App. 3d 261, 369 N.E.2d 365, the court held that facts negating the existence of a breach of duty and traversing the ultimate facts alleged in the complaint could not be raised in a motion to dismiss brought under the predecessor to section 2—619(a)(9), which was intended to provide only for the raising of affirmative defenses. (54 Ill. App. 3d 261, 263-66, 369 N.E.2d 365.) While the existence of a breach of duty may be an issue of fact, the existence of the duty itself is a question of law. (*Cunis v. Brennan* (1974), 56 Ill. 2d 372, 374, 308 N.E.2d 617.) Moreover, unlike *Brewer*, where the "ultimate facts" were based on well-pleaded allegations of specific fact, the "ultimate facts" in the case at bar were not. Furthermore, we note that other decisions have rejected *Brewer*'s restrictive interpretation of "affirmative matter" and have held that section 2—619(a)(9) includes many matters which cannot be classified as true affirmative defenses. See *In re Marriage of Musa* (1982), 103 Ill. App. 3d 189, 191-92, 430 N.E.2d 727, and the cases cited therein.

■ Finally, we note that in the trial court plaintiff did not challenge the authenticity of the constitution and bylaws or move to strike them or the motion to dismiss. Indeed, an examination of the record of the hearing on defendants' motion to dismiss discloses that plaintiff continually referred to the constitution and bylaws in arguing

against the granting of the motion. Where plaintiff failed to object at any time before the trial court to the form or substance of the motion to dismiss, he was barred from raising that issue for the first time on appeal as grounds for reversal. *Crowe v. Public Building Com.* (1977), 54 Ill. App. 3d 699, 701-02, 370 N.E.2d 32; *In re Leyden Fire Protection District* (1972), 4 Ill. App. 3d 273, 275, 280 N.E.2d 744; *Burdin v. Jefferson Trust & Savings Bank* (1971), 133 Ill. App. 2d 703, 707, 269 N.E.2d 340.

For the foregoing reasons, we conclude that count VII of plaintiff's third amended complaint failed to state a cause of action against defendants for negligence because the well-pleaded facts of that count did not show the existence of a duty owed by defendants to plaintiff. Accordingly, we affirm the trial court's dismissal of counts VII and VIII of plaintiff's third-amended complaint.

Affirmed.

BILANDIC, P.J., and HARTMAN, J., concur.