PAUL HOLUBEK, Plaintiff, v. THE CITY OF CHICAGO *et al.*, Defendants (The Chicago Park District, Defendant and Third-Party Plaintiff-Appellant; Paschen Contractors, Inc., Third-Party Defendant-Appellee).

First District (2nd Division)   No. 85—2793

Opinion filed August 7, 1986.

Frederick J. Fraterrigo and Francis P. Kasbohm, both of Chicago, for appellant.

Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago (James T. Ferrini and James W. Hulbert, of counsel), for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Third-party plaintiff, the Chicago Park District, appeals from the trial court's dismissal, pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—619), of its first amended complaint against third-party defendant, Paschen Contractors, Inc. (Paschen).

The sole issue presented for review is whether the Park District alleged sufficient facts to show that Paschen had a duty to maintain safe access to and from the Monroe Street parking garage located on the Park District's property.

We affirm.

Plaintiff, Paul Holubek, not a party to this appeal, sustained injuries when he slipped on ice and snow upon the premises owned, maintained, and controlled by the Park District. In November 1984, the Park District impleaded Paschen, seeking contribution. Paschen had been engaged in construction upon Randolph Street which is situated several hundred feet north of the accident site.

Holubek was injured at a stairway entrance inside the Monroe Street parking garage. That entrance was located east of Michigan Avenue at a point south of Randolph Street. Paschen was not involved in any work on the garage or its entrances. The Park District, in its first amended complaint, alleged that Paschen, as a result of its contract with the Illinois Corporation Center, had a duty to maintain safe ingress and egress to the building adjacent to the construction area; that as a result of Paschen's breach of its duty, Holubek sustained various injuries. The trial court, pursuant to a section 2—619 motion (Ill. Rev. Stat. 1983, ch. 110, par. 2—619), dismissed the Park District's first amended complaint. The Park District appeals from that dismissal.

OPINION

Paschen did not specify in its complaint under what subsection of

section 2—619 (Ill. Rev. Stat. 1983, ch. 110, par. 2—619) the motion was filed nor did the trial court indicate under what specific subsection of section 2—619 it dismissed the complaint. However, a review of Paschen's motion to dismiss indicates it argued that the cause should be dismissed because it did not have a duty to maintain any area on the Park District's property or to warn of any potential hazards on the Park District's property. This is an affirmative defense and thus is a section 2—619(a)(9) motion (Ill. Rev. Stat. 1983, ch. 110, par. 2—619(a)(9)). See *Perkaus v. Chicago Catholic High School Athletic League* (1986), 140 Ill. App. 3d 127, 488 N.E.2d 623.

■ ■ Section 2—619(a)(9) provides that a "defendant may move to dismiss an action on the ground that a claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim." (Ill. Rev. Stat. 1983, ch. 110, par. 2—619(a)(9).) "Affirmative matter" includes something in the nature of a defense that negates the alleged cause of action completely or refutes a crucial conclusion of material fact unsupported by allegations of specific fact contained in or inferred from the complaint. (*Austin View Civic Association v. City of Palos Heights* (1980), 85 Ill. App. 3d 89, 93-94, 405 N.E.2d 1256, 1261-62.) A 2—619 motion to dismiss admits all facts well pleaded as well as all reasonable inferences therefrom favorable to plaintiff. However, if an exhibit is attached to the complaint, the exhibit controls and a motion to dismiss does not admit allegations in conflict with facts disclosed in the exhibit. *Perkaus v. Chicago Catholic High School Athletic League* (1986), 140 Ill. App. 3d 127, 134.

■ The Park District contends that it did, in its complaint, allege sufficient facts to show that Paschen had a duty to maintain that area where the accident in question occurred and that Paschen breached that duty. A complaint for negligence must set out the existence of a duty owed by the defendant to the plaintiff, a breach of that duty and an injury proximately resulting from that breach. The issue of duty is a question of law to be decided by the court and it encompasses the question of whether the defendant and the plaintiff stand in such a relationship to one another that the law imposes upon the defendant an obligation to act with reasonable care for the plaintiff. *Cunis v. Brennan* (1974), 56 Ill. 2d 372, 374, 308 N.E.2d 617, 618.

■ The Park District predicated its negligence claim against Paschen on a contract between Paschen and Illinois Corporation Center. Where a defendant is charged with negligence because of his failure to perform an act allegedly required by contract, the question of whether the defendant had a duty to perform the act usually must be determined from the terms of the contract. The defendant's duty will

not be extended beyond the duties described in the contract. *Perkaus v. Chicago Catholic High School Athletic League* (1986), 140 Ill. App. 3d 127, 134, 488 N.E.2d 623, 627.

■ The Park District cites several clauses of the contract which it contends created a duty of Paschen to maintain the area in question. Our review of those specifications reveals that they do not require Paschen to maintain property owned and controlled by the Park District. The terms of the contract, which are in the record, indicate that the contract deals only with safety within the area of construction and access to the property of others. It does not deal with the condition of property that is away from the area of construction and not in the control of Paschen, as was not the stairway area where Holubek was injured. Furthermore, the contract provisions concerning access to property and buildings cannot be logically interpreted to require Paschen to provide safe access within the property of the Park District. Holubek was injured well within the property of the Park District.

For the foregoing reasons, the decision of the trial court is affirmed.

Affirmed.

LINN, P.J., and McMORROW, J., concur.