KENNETH UNGER, Plaintiff-Appellant, v. EICHLEAY CORPORATION, Defendant-Appellee (River City Construction Company, Defendant).

Third District   No. 3—92—0432

Opinion filed January 28, 1993.—Rehearing denied June 8, 1993.— Modified opinion filed June 9, 1993.

Harvey & Stuckel, Chartered, of Peoria (Floyd C. Dailey, of counsel), for appellant.

Robert V. Dewey, Jr., Karen L. Kendall, and Brad A. Elward, all of Heyl, Royster, Voelker & Allen, of Peoria (Craig S. Young, of counsel), for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

The plaintiff, Kenneth Unger, brought this negligence action against the defendants, Eichleay Corp. (Eichleay) and River City Construction Company (River City). The trial court granted defendant Eichleay's motion for summary judgment, finding that Eichleay did not owe the plaintiff a duty as alleged in the plaintiff's complaint. The plaintiff appeals from that decision. We reverse and remand.

The record reveals that Eichleay was hired by Caterpillar to set and install machinery at Caterpillar's East Peoria plant. Eichleay subcontracted electrical conduit work on the project to the plaintiff's employer, Schaefer Electric Co. (Schaefer). River City had been hired directly by Caterpillar to perform the concrete excavation work at the site. River City did not have a contractual relationship with Eichleay.

The plaintiff testified in his deposition that his accident occurred when he was riding a bicycle through a Caterpillar building to obtain additional materials for Schaefer. While driving the bike,

he entered an aisle approximately 12 feet wide. It was bordered on the left by an area in which River City had broken through the concrete flooring leaving an area of broken-up concrete. On the right side of the aisle, two or three Eichleay workers were removing wooden blocks from the floor of the aisle.

The plaintiff further testified that Eichleay workers blocked at least three or four feet of the right side of the aisle, where he normally would have ridden his bike. According to the plaintiff, he steered his bike to the center of the aisle to avoid the Eichleay workers. As he moved onward, a bicyclist approached from the opposite direction, travelling fairly fast and moving directly toward the plaintiff. At that point, the plaintiff moved to the left side of the aisle and stopped. In so doing, he placed his left foot down onto the broken concrete, fell over, and injured his ankle. The accident occurred about 10 or 15 feet from the area where Eichleay workers were removing the wooden blocks. Following the occurrence, Eichleay workers helped the plaintiff to his feet and sought medical help.

Dale Minkle, an Eichleay millwright, testified in his deposition that he did not remember anyone from Eichleay working in the area at the time of the accident. He stated that about an hour after the accident he had two of his employees install steel barricades around the excavation site so that nobody else would fall there.

Jack Martin, the project superintendent for Eichleay, testified in his deposition that Eichleay was in charge of the work being done by Schaefer. It had authority to supervise, direct, or stop Schaefer's work. Martin noted, however, that Eichleay did not actually direct the work of Schaefer's employees.

Martin further testified that he had attended OSHA meetings and had inspected his subcontractors' work to determine whether safety precautions were being observed. He noted that it was his responsibility to observe Eichleay's subcontractors in the performance of their work. He stated that he was aware of the use of bicycles on the site, but he did not issue any safety precautions regarding bicycle use or routes within the building. He admitted that it was possible that workers would drive by dangerous areas.

The contract between Caterpillar and Eichleay provided:

> "[Eichleay] shall provide and maintain the necessary precautions, supervision, and safeguards for the safety of all persons on the site. [Eichleay] shall designate in writing to Owner's Representative a responsible member of his organization

at the site of the work whose duty shall be personnel safety and prevention of accidents."

The plaintiff's amended complaint alleged that Eichleay had the right to direct and supervise the overall work of the plaintiff's employer, Schaefer. It further alleged that Eichleay had a duty to exercise reasonable care for the safety of the plaintiff while he was working around and passing by work performed by River City. The complaint also alleged that Eichleay negligently: (1) failed to provide adequate barriers and safety rails to protect those using passageways at the construction site; (2) failed to prescribe regulations for bicycle safety; (3) failed to observe routes for bicycle use through passageways adjacent to excavation work; (4) failed to prescribe routes for bicycle use to protect employees from using routes adjacent to excavation work; and (5) failed to coordinate activities with other contractors at the work site.

The trial court granted Eichleay's motion for summary judgment. In so doing, the court found that the record did not contain facts showing that Eichleay had a duty to perform any of the activities set forth in the plaintiff's complaint.

On appeal, the plaintiff contends that the trial court erred in finding that Eichleay did not owe him a duty as alleged in his complaint. The plaintiff argues that since Eichleay had the right to control the work of his employer, Eichleay owed him a duty to prevent the accident or to warn him of the danger. In support of his argument, the plaintiff relies on section 414 of the Restatement (Second) of Torts (1965).

In response, Eichleay contends that it did not owe a duty in this particular case because the plaintiff was injured while passing through River City's work area and River City was a contractor with which Eichleay had no contractual relationship and no right to control. In that regard, Eichleay further contends that the authority cited by the plaintiff only applies where the injury occurs on the employer's land or the employer exercises such a degree of control over the contractor that the actions of the contractor are attributable to it under a theory of vicarious liability. Eichleay points out that none of the cases cited by the plaintiff addresses the precise issue of whether a contractor owes a duty to the employees of its subcontractors to protect them against injury while such employees move around, by, and through work performed by other contractors on the project.

In ruling on a motion for summary judgment, the trial court should construe the pleadings, depositions, admissions, exhibits, and

affidavits on file most strictly against the moving party and most liberally in favor of the opponent (*Staton v. Amax Coal Co.* (1984), 122 Ill. App. 3d 631, 461 N.E.2d 612), and summary judgment should only be granted when there is no genuine issue of material fact (Ill. Rev. Stat. 1991, ch. 110, par. 2—1005(c)). The existence of a duty of reasonable care is one of the essential elements of a negligence action. (*Ziemba v. Mierzwa* (1991), 142 Ill. 2d 42, 566 N.E.2d 1365.) A duty of care arises when the parties stand in such a relationship to one another that the law imposes upon the defendant an obligation of reasonable conduct for the benefit of the plaintiff. (*Ward v. K mart Corp.* (1990), 136 Ill. 2d 132, 554 N.E.2d 223.) Factors relevant in determining whether a duty exists include: the foreseeability of injury, the likelihood of injury, the magnitude of the burden of guarding against the injury, the consequences of placing that burden on the defendant, and the possible seriousness of the injury. (*Deibert v. Bauer Brothers Construction Co.* (1990), 141 Ill. 2d 430, 566 N.E.2d 239.) Whether a duty exists is normally a question of law to be determined by the court on a case-by-case basis. *Kirk v. Michael Reese Hospital & Medical Center* (1987), 117 Ill. 2d 507, 513 N.E.2d 387.

Section 414 of the Restatement (Second) of Torts provides:

"One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care." Restatement (Second) of Torts §414 (1965).

We note that the cases cited by the plaintiff that have relied on section 414 have dealt exclusively with owners of land. (See *Weber v. Northern Illinois Gas Co.* (1973), 10 Ill. App. 3d 625, 295 N.E.2d 41; *Pasko v. Commonwealth Edison Co.* (1973), 14 Ill. App. 3d 481, 302 N.E.2d 642; *Ryan v. Mobil Oil Corp.* (1987), 157 Ill. App. 3d 1069, 510 N.E.2d 1162; *McConnell v. Freeman United Coal Co.* (1990), 198 Ill. App. 3d 322, 555 N.E.2d 993; *Haberer v. Village of Sauget* (1987), 158 Ill. App. 3d 313, 511 N.E.2d 805.) In *Haberer*, the court specifically noted that the effect of section 414 has been to broaden the basis upon which liability may be imposed on an owner of land who has contracted for construction work to be undertaken on its premises. The court further noted that Illinois courts have recognized that an employee hired by an independent contractor to do construction work may obtain recovery for injuries sustained in the course of that work from the owner of the prem-

ises where the owner has retained the requisite control over the work and has failed to exercise that control properly.

■ In the present case, the plaintiff failed to cite any authority from Illinois or any other jurisdiction applying section 414 to impose a duty upon a contractor who is not an owner or possessor of land. Accordingly, we hesitate to rely on section 414. Instead, we focus our analysis on the allegation in the plaintiff's complaint that the defendant had a duty to exercise reasonable care for the safety of the plaintiff as he passed by the construction site.

■ A general contractor owes a duty to persons who might reasonably be expected to come upon the premises *or be in the vicinity* of the construction site to keep it safe and to see that adequate safeguards are furnished to protect against foreseeable injuries. (*Ross v. Aryan International, Inc.* (1991), 219 Ill. App. 3d 634, 580 N.E.2d 937.) Moreover, the negligent performance of contractual duties causing physical injury can give rise to tort liability (*Perkaus v. Chicago Catholic High School Athletic League* (1986), 140 Ill. App. 3d 127, 488 N.E.2d 623; *Holubek v. City of Chicago* (1986), 146 Ill. App. 3d 815, 497 N.E.2d 348) regardless of whether privity of contract exists between the plaintiff and the defendant (*Rozny v. Marnul* (1969), 43 Ill. 2d 54, 250 N.E.2d 656), and the scope of the defendant's duty is dependant on the terms of the contract (*Perkaus v. Chicago Catholic High School Athletic League* (1986), 140 Ill. App. 3d 127, 488 N.E.2d 623).

Applying the above-mentioned principles, we find unpersuasive Eichleay's contention that it did not owe the plaintiff a duty. While we would agree that the plaintiff's pleadings may be inartfully done, we note that this case does not involve a motion to dismiss a pleading as defective under section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—615). But, it must be remembered that the plaintiff is entitled to amend his pleadings at any time, before or after judgment, to conform the pleadings to the proofs. Ill. Rev. Stat. 1991, ch. 110, par. 2—616(c).

The contract between Caterpillar and Eichleay provided that Eichleay was responsible for the "safety of all persons at the site." The contract further charged Eichleay with the responsibility of providing precautions and safeguards, and designating a representative at the work site whose duty was personnel safety and prevention of accidents. We find no indication from the record that the language in the contract was in any way limited. Additionally, the plaintiff's deposition testimony indicated that Eichleay controlled the work site in the near vicinity of the plaintiff's injury. Further-

more, there is enough evidence in the record from which it could be concluded that Eichleay had equal control with River City over the aisle and the actual area of the injury. The plaintiff's workers were the first on the scene following the accident and they erected barricades along the aisle adjacent to the broken concrete. Eichleay's post-occurrence, remedial measures would be admissible to show that Eichleay had control over the area and the authority to take such precautions. (See *McLaughlin v. Rush-Presbyterian-St. Luke's Medical Center* (1979), 68 Ill. App. 3d 546, 386 N.E.2d 334.) Regarding the foreseeability of the injury, we note that Eichleay's project superintendent testified that he was aware that bicycles might pass through dangerous areas. Given that Eichleay workers blocked about four feet of the aisle in which the plaintiff was injured, we find that it was reasonably foreseeable that a bicyclist could be injured when passing by the site in question. Under these particular circumstances, we find that the defendant had a duty to exercise reasonable care for the plaintiff as he travelled by the area in which he was injured.

We note that the plaintiff's complaint alleges that Eichleay had a duty to exercise reasonable care for the safety of the plaintiff while he passed by the work of River City. We do not hold that the defendant owed a duty to the plaintiff wherever he travelled within the building or wherever he travelled around the work site of River City. Rather, we hold only that the defendant had a duty in the particular aisle where the plaintiff was in fact injured, since there are facts in the record indicating that the defendant exercised at least mutual control over that area, *i.e.*, Eichleay employees worked a short distance away and they were the first on the scene with remedial measures following the accident. Accordingly, we conclude that it should be left to the trier of fact to determine whether Eichleay breached that duty by failing to provide adequate safeguards.

The next issue presented on appeal is whether the defendant's negligent conduct was the proximate cause of the plaintiff's injury.

A proximate cause is one which produces an injury through a natural and continuous sequence of events unbroken by any effective intervening cause. (*Chapman v. Baltimore & Ohio R.R. Co.* (1950), 340 Ill. App. 475, 92 N.E.2d 466.) If the alleged negligence does nothing more than provide a condition which made the injury possible and that condition causes an injury by the subsequent independent act of a third party, the creation of that condition is not the proximate cause of the injury. (*Merlo v. Public Service Co.* (1942), 381 Ill. 300, 45 N.E.2d 665.) However, there can be more

than one proximate cause of an injury. (*Bentley v. Saunemin Township* (1980), 83 Ill. 2d 10, 413 N.E.2d 1242; *Sears v. Kois Brothers Equipment, Inc.* (1982), 110 Ill. App. 3d 884, 443 N.E.2d 214.) In such a situation, a tortfeasor cannot avoid responsibility merely because another person is guilty of negligence contributing to the same injury, and even though the injury would not have occurred but for the negligence of the other person. (*Sears v. Kois Brothers Equipment, Inc.* (1982), 110 Ill. App. 3d 884, 443 N.E.2d 214.) Moreover, we note that the need to limit the consequences of any act using the proximate cause rationale is diminished with the adoption of comparative negligence. (*Michalak v. County of La Salle* (1984), 121 Ill. App. 3d 574, 459 N.E.2d 1131.) It has been repeatedly held that proximate cause is ordinarily a question for the trier of fact (*Felty v. New Berlin Transit, Inc.* (1978), 71 Ill. 2d 126, 374 N.E.2d 203); however, summary judgment may be appropriate when the facts are undisputed and the question of proximate cause can be determined as a matter of law. See *Kemp v. Sisters of the Third Order of St. Francis* (1986), 143 Ill. App. 3d 360, 493 N.E.2d 372.

■ In the case at bar, the plaintiff testified that he was forced to steer his bike to the center of the aisle by the presence of wooden blocks and Eichleay workers and was thereafter forced into the broken concrete by an oncoming bicyclist. In contrast, an Eichleay employee's deposition testimony suggested that Eichleay employees were not in the area at the time of the accident. Since the facts are in dispute on this issue, we find that the question of proximate cause should be resolved by the trier of fact.

For the foregoing reasons, we conclude that the trial court erred in granting Eichleay's motion for summary judgment.

Accordingly, we reverse the judgment of the circuit court of Peoria County and remand the cause for further proceedings.

Reversed and remanded.

LYTTON and SLATER, JJ., concur.